HAROLD GREENBERG *v.* JOSEPH GUILIANO.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 13 —decided July 6, 1944.

*Benjamin M. Chapnick,* for the appellant (plaintiff).

*Daniel D. Morgan,* for the appellee (defendant).

MALTBIE, C. J.   The plaintiff brought this action to recover damages for injuries claimed to have been caused by the negligence of the defendant, his employer, and has appealed from a judgment in favor of the latter.   The trial court predicated its judgment upon a special defense to the effect that, as the defendant had five or more employees and the plaintiff's injuries were within the provisions of the Workmen's Compensation Act, there was no liability to the plaintiff except under the terms of the act.   The correctness of that ruling is the sole question before us.

The act provides that, whenever the relationship of employer and employee exists within its provisions, "the employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained."   General Statutes, § 5226. In this case the plaintiff was only fifteen years and four months old at the time of the injury and he was employed, when he was injured, in violation of § 1320e of the General Statutes, Cumulative Supplement, 1939, which prohibits the employment of minors under sixteen years of age in certain occupations.   We have held that a minor under that age, even though employed in

violation of the statute, is an employee within the terms of the Workmen's Compensation Act; *Kenez* v. *Novelty Compact Leather Co.*, 111 Conn. 229, 149 Atl. 679; and that the administrator of a minor employee within the terms of the act cannot sue the employer in a common-law action for negligently causing the minor's death. *Wells* v. *Radville*, 112 Conn. 459, 463, 153 Atl. 154. These cases are conclusive that under our law the plaintiff cannot recover in this action, and that the trial court's ruling to that effect was correct. The only new element which appears in this case is the plaintiff's claim that, as § 1320e was enacted after § 5226, it impliedly repeals the latter section as regards minors under the age of sixteen; there is nothing in the terms of the later statute which in any way conflicts with those of the earlier; the right of a minor to recover for injuries due to his employment contrary to the terms of § 1320e is an incident attached to that employment on common-law principles; and the courts cannot imply the existence of that right contrary to the legislative will expressed in § 5226. It is true that in *Knybel* v. *Cramer*, 129 Conn. 439, 29 Atl. (2d) 576, we sustained the right of the administrator of a minor under sixteen years of age, who was employed contrary to the provisions of § 1320e, to recover damages for his death. An examination of the record in that case will show that the defendant had less than five employees; and no claim was made that the employment of the minor was within the terms of the Workmen's Compensation Act.

There is no error.

In this opinion the other judges concurred.