PHYLLIS G. LANDRY ET AL. *v.* PERSONNEL APPEAL BOARD OF THE STATE OF CONNECTICUT

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and ROBERTS, Js.

Argued November 8, 1951—decided January 8, 1952

*James F. Rosen,* with whom was *Jack H. Calechman,* for the appellants (plaintiffs).

*William L. Beers,* deputy attorney general, with whom was *George C. Conway,* attorney general, for the appellee (defendant). ·

BALDWIN, J. This case presents the question whether, in the event of a layoff, an employee in the state classified service who is a veteran is entitled to be credited with his war service, as provided in § 339 of the General Statutes, in determining his rights of seniority, under § 66b of the 1951 Cumulative Supplement, over nonveteran employees. Previous to June 29, 1950, the plaintiffs were claims examiners in the state classified service, working in the division of employment security of the department of labor and factory inspection. Because of a decrease in the unemployment compensation claims load, it became necessary to lay off a large number of claims examiners. Among these were the plaintiffs, who are nonveterans. Veterans whose terms of employment, including periods of military service, were longer than those of the plaintiffs were retained because of their seniority. The plaintiffs appealed to the defendant board, which, after a hearing, denied them seniority. The present action, asking for a review of the defendant's decision and for a declaratory judgment, was brought in the Superior

Court and comes before us on appeal from the decision of that court sustaining the defendant.

The answer to the question which is determinative of this appeal depends upon the construction of the pertinent statutes. It is a cardinal rule that statutes are to be construed so that they carry out the intent of the legislature. This intent is to be ascertained from the language of the statute itself if the language is plain and unambiguous, otherwise, by considering it in the light of all of its provisions, the object which it seeks to accomplish, the pre-existing legislation upon the same subject matter, and all other relevant circumstances. *Stamford* v. *Stamford,* 107 Conn. 596, 605, 141 A. 891; *Mad River Co.* v. *Wolcott,* 137 Conn. 680, 686, 81 A. 2d 119.

Section 339 of the General Statutes provides: "The term of employment in the service of the state shall be construed to include, in the case of a veteran, as the term is defined in section 2925, the term of war service of such veteran, and all records of the state which show the length of service in the employment of the state of any such veteran shall be amended so as to show the length of such war service and the total of such employment service and war service." This statute was enacted in 1939. Cum. Sup. 1939, § 664e. The plaintiffs contend that it was the intent of the legislature that it should apply only to those employees of the state whose employment had been interrupted by military service. It would have been a very simple thing for the legislature to have used language plainly indicating such a purpose. It did not do so. When the statute was enacted, there were many veterans of the first world war in the state. The times were filled with rumors of another war. There was a fair prospect that citizens would be called into the military service. This would mean that they would give up their jobs,

whether within or without the state service. On their return they might find no employment available. In the light of these facts the legislature used language which was broad in its meaning and was intended to include service in the armed forces within the term "employment in the service of the state." The statute uses the word "veteran" and incorporates within its terms the statutory definition, which at that time was "any resident of this state who is an honorably discharged soldier, sailor, marine, yeomanette or nurse, who served in or with the military or naval forces of the United States in time of war." Cum. Sup. 1939, § 624e. The language of the statute expresses the obvious intent that in the state classified service the term of war service of all veterans was to be considered as a term of employment for such period in the service of the state. To insure this result the statute directs that all records which show the length of employment by the state shall be amended so as to include war service in computing the total term of employment.

An examination of the legislative history of the statutes providing for benefits to veterans who were already in or who might thereafter enter the state classified service bears out this interpretation. The merit system for state employees established by law in 1937 gave a credit of five points, and an additional five points if he was disabled, to a veteran on his rating on any examination held for the purpose of establishing an employment list. Cum. Sup. 1939, § 662e (as amended, Rev. 1949, § 337). At its next regular session in 1939 the General Assembly adopted legislation establishing a retirement system for state employees. General Statutes, Cum. Sup. 1939, c. 8a. This provided (§ 72e) that "any employee of the state who entered the service of the United States during the World War and returned to the service of the state

shall be credited with the period of such federal service to the same extent as though it had been a part of the term of his state service." During the second world war the General Assembly made a very significant change in language when it enacted § 29h of the 1945 Supplement. This section granted, to any member of the armed forces who, after discharge, became a member of the state retirement system, credit for the period of service rendered by him during the war, provided he paid, for such period, assessments to the retirement fund based on his first year's earnings. Stated another way, this statute meant simply that the period of war service of all veterans returning to or first entering state service after discharge from military service would be credited toward their retirement if they would pay the necessary assessments. See General Statutes § 397; Sup. 1949, § 32a; Sup. 1951, § 84b. These provisions — § 662e, contained in the Merit System Act, and § 29h, in the Retirement Act — provided two separate and distinct benefits for veterans as regards state employment. The purpose of § 339, which is included in the chapter entitled "Merit System for State Employees," was to provide a third distinct benefit for veterans and, as previously stated, was obviously intended to apply to all veterans regardless of whether they were employed by the state at the time they entered the military forces or first sought employment after their discharge. It defines what shall constitute the total term of employment in the state service so far as a veteran is concerned, both as regards seniority in the case of layoff or re-employment and for retirement purposes. Although the plaintiffs' claim that compliance with § 32a of the 1949 Supplement, which amended § 29h of the 1945 Supplement, discussed above, gives a veteran no seniority rights in matters of layoff or re-employment is correct, it can avail them

nothing. Section 339 is in itself sufficient to provide for such seniority rights. The plaintiffs' contention that its benefits must be restricted to those who were in the state service before they performed any war service is without merit.

The plaintiffs claim further that § 339 was repealed by § 66b of the 1951 Cumulative Supplement. This latter statute[1] provides generally that no employee in the state classified service who has been performing his duties in a satisfactory manner shall be laid off for any

[1] Sec. 66b. RE-EMPLOYMENT LISTS; ESTABLISHMENT. No employee in the state classified service who has been performing his duties in a satisfactory manner as shown by the records of the department, agency or institution in which he has been employed shall be dismissed or laid off from his office or position because of lack of work, economy, insufficient appropriation, change in departmental organization, abolition of position or any cause other than delinquency, incompetency, misconduct or neglect of duty, provided any other employee in the same classification performing comparable duties with less state service is to be retained in the same department, agency or institution. An appointing authority desiring to lay off an employee shall give him not less than fifteen days notice in writing, stating the reason for such action. A copy of such notice shall immediately be forwarded to the personnel director. The director shall arrange to have the employee transferred to a vacancy in the same or a comparable class or in any other position the employee is qualified to fill in any department, agency or institution. If there is no vacancy available or the employee refuses to accept the transfer, the director shall cause the name of such employee to be placed on the re-employment list for the appropriate class for which he has already qualified, or shall have the ability to qualify, as shall be determined by the director within the requirements of this chapter. When any such employee shall have been on authorized leave of absence and shall be ready to report for duty when a position shall be available, or when any such employee shall have resigned in good standing with the consent of the appointing authority under whose jurisdiction he was employed and shall have withdrawn his resignation within one year without being restored to his position, the director shall cause the name of such employee to be placed on the re-employment list for the appropriate class for which he shall have qualified for future re-employment when vacancies in the class shall occur. The order in which names shall be placed on the re-employment list for any class shall be by seniority in state service.

cause other than one due to his own fault while another employee in the same classification performing comparable duties but with less state service is retained. There is no express repeal. If the plaintiffs' claim be correct, therefore, we must find a repeal by implication. A statute is impliedly repealed by a later statute only if the latter is necessarily repugnant to the former. *Luke Garda Co.* v. *LeWitt,* 126 Conn. 588, 589, 13 A. 2d 510; *Greenberg* v. *Guiliano,* 131 Conn. 157, 159, 38 A. 2d 436; see *O'Keefe* v. *Atlantic Refining Co.,* 132 Conn. 613, 617, 46 A. 2d 343. These two statutes when read together are not in any way repugnant to each other. Nor does one cover the same field to the exclusion of the other. See *Hutchison* v. *Hartford,* 129 Conn. 329, 332, 27 A. 2d 803. There is nothing inconsistent in construing the term "state service," used in the latter statute, as meaning employment in the service of the state plus war service, as set forth by the former. The earlier statute requires that in determining the order of seniority under the later statute the appointing authority upon examining the employment records must rest its decision upon the total length of the combined state and war services. Section 66b therefore does not operate to repeal § 339.

In oral argument and brief the plaintiffs have called attention to the failure of the New York legislature and the Congress to grant additional credits to veterans in the service of New York state and the federal government, respectively. They have argued that the interpretation given to our legislation by the decisions of the defendant and the Superior Court is detrimental to the whole civil service system. We are not concerned with the policy of this legislation. It was within the province of the legislature, moved by a desire to encourage military service and by a deep feeling of gratitude to the men and women who rendered it, in

time of war, to make special provision for them in state employment as a matter of public policy. *Lyman* v. *Adorno*, 133 Conn. 511, 513, 52 A. 2d 702.

There is no error.

In this opinion the other judges concurred.