SEBASTIAN V. BLANCATO, SR., ADMINISTRATOR (ESTATE OF SEBASTIAN V. BLANCATO, JR.), ET AL. *v.* THE FELDSPAR CORPORATION ET AL.
(12973)

PETERS, C. J., HEALEY, SHEA, SANTANIELLO and CALLAHAN, Js.

Argued January 14—decision released March 31, 1987

*John M. Creane,* for the appellants (plaintiffs).
*James J. Carroll,* for the appellees (defendants).

SHEA, J. The plaintiffs have appealed from a judgment for the defendants that was rendered by the court after a motion to strike the complaint had been granted. Sebastian V. Blancato, Sr., and Barbara J. Blancato, the parents of the minor decedent, Sebastian V. Blancato, Jr., in their individual capacities, and Blancato, Sr., in his representative capacity as administrator of the decedent's estate, brought this action in six counts against the defendant Feldspar Corporation and certain of its employees. The plaintiffs alleged negligence, various intentional torts, breach of contract and the infliction of emotional distress arising from the decedent's death while engaged in hazardous work at the named defendant's mining facility in Middletown. The trial court determined that our Workers' Compensation Act; General Statutes §§ 31-275 through 31-355a; provides the exclusive remedy for the fatal injuries suffered by the plaintiffs' decedent. We find error.

The first count of the complaint alleges: that on December 8, 1980, the named defendant hired the decedent, a seventeen year old minor, to work as a sand operator trainee in violation of General Statutes § 31-23 (b)[1]; that on December 9, 1980, nearly twelve

---

[1] General Statutes § 31-23 (b) provides in relevant part: "No minor under the age of eighteen years shall be employed or permitted to work in any occupation which has been or shall be pronounced hazardous to health by

hours after reporting to work that day,[2] the decedent, working alone and unsupervised, entered a bin containing wet sand and was buried alive; and that the decedent consequently died of asphyxiation.

Because this appeal is before us pursuant to a motion to strike, we note preliminarily that we must take the facts to be those alleged in the complaint, as amended, and must construe the complaint in the manner most favorable to the pleader.[3] *Morris* v. *Hartford Courant*

---

the department of health services or pronounced hazardous in other respects by the labor department."

Although the plaintiffs' complaint alleges violations of various federal safety regulations, and that the United States Bureau of Mines issued a report, following the death by asphyxiation in 1970 of an eighteen year old worker, recommending that the defendant Feldspar Corporation " 'should install a grizzly or series of bars across the feed opening . . . so that a man could not enter through the opening,' " it does not allege that the department of health services or the labor department had pronounced hazardous the mining occupation in which the decedent had been permitted to work. See Practice Book § 108. Nevertheless, because the defendants have failed to address this deficiency, we shall assume, for the purposes of this appeal, that the decedent had been *illegally* employed, based upon the unchallenged allegation of a violation of § 31-23 (b).

[2] The plaintiffs allege a violation of General Statutes § 31-12, which provides in relevant part: "None of the following persons under the conditions hereinafter described shall be employed in any manufacturing or mechanical establishment more than nine hours in any day or forty-eight hours in any calendar week: (a) Persons under the age of eighteen years . . . . " In 1985, § 31-12 was amended by No. 85-28 of the 1985 Public Acts to apply to "[p]ersons under the age of eighteen years, except such persons who have graduated from a secondary educational institution." This amendment is inapplicable to the present case. General Statutes § 1-1 (u).

[3] We note *preliminarily* that the defendants' motion to strike failed to comply with Practice Book § 154, which requires that a motion to strike based on legal insufficiency distinctly specify the reason or reasons for each such claimed insufficiency. The motion filed sought to strike the amended complaint "for failure to state a cause of action against these defendants." We have said that a motion to strike that does not specify the grounds of insufficiency is "fatally defective"; *Lubas* v. *McCusker*, 153 Conn. 250, 253, 216 A.2d 289 (1965); and that "Practice Book § 155, which requires a motion to strike to be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies, does not dispense with the requirement of § 154 that the reasons for the claimed pleading defi-

*Co.*, 200 Conn. 676, 678, 513 A.2d 66 (1986); *Norwich* v. *Silverberg*, 200 Conn. 367, 370, 511 A.2d 336 (1986). While recognizing that a motion to strike does not admit legal conclusions; see *Rossignol* v. *Danbury School of Aeronautics, Inc.*, 154 Conn. 549, 557, 227 A.2d 418 (1967); we shall assume for the purposes of this appeal, because of the allegation that the decedent was hired in violation of § 31-23 (b), that he had been illegally employed. Cf. *Lamb* v. *Burns*, 202 Conn. 158, 172, 520 A.2d 190 (1987); *Trichilo* v. *Trichilo*, 190 Conn. 774, 779, 462 A.2d 1048 (1983). We therefore address the limited issue of whether the exclusive remedy provision of our Workers' Compensation Act bars the estate of a minor killed while illegally employed from bringing a suit for wrongful death pursuant to General Statutes § 52-555.[4]

iency be specified in the motion itself." *King* v. *Board of Education*, 195 Conn. 90, 94 n.4, 486 A.2d 1111 (1985); *Morris* v. *Hartford Courant Co.*, 200 Conn. 676, 683 n.5, 513 A.2d 66 (1986). Although the plaintiffs, in their memorandum of law in opposition to the motion to strike, objected to the defendants' failure to comply with § 154, they have not raised this issue on appeal and thus are deemed to have abandoned the issue. See *McHugh* v. *McHugh*, 181 Conn. 482, 490 n.4, 436 A.2d 8 (1980); *Karls* v. *Alexandra Realty Corporation*, 179 Conn. 390, 393 n.1, 426 A.2d 784 (1980). Because we do not consider § 154 to be jurisdictional in nature, we will consider the motion to strike in the form presented to the trial court. *Morris* v. *Hartford Courant Co.*, supra.

[4] Because the plaintiffs have also brought this action against certain employees of the named defendant, we note that General Statutes § 31-293a, similarly an exclusive remedy provision, states in part: "If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1." Neither in the trial court nor in this court have the parties discussed the issue of whether the illegality of the employment contract with the deceased minor should affect the protection afforded to fellow employees by § 31-293a, who were not parties to that contract. No attempt has been made to differentiate in this respect between the possible liability of the employer and that of the employ-

General Statutes § 31-284 (a) of our Workers' Compensation Act provides in part that "[a]n employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees . . . . " The term "employee" is defined by General Statutes § 31-275 (5) in relevant part as "any person who has entered into or works under any contract of service or apprenticeship with an employer . . . . " Because only employees are entitled to compensation under the act, it is clear that coverage must arise from a contract of employment, either express or implied. *Sibley* v. *State,* 89 Conn. 682, 686–87, 96 A. 161 (1915). The attendant ability on the part of an employer to invoke § 31-284 (a) to bar an employee's common law damage suit or an action for wrongful death on behalf of his estate similarly arises only when a valid employment contract exists between the parties.

Our Workers' Compensation Act does not specifically address the question of the remedies available to illegally employed minors injured in the course of their employment. It has been several decades since this court encountered such an issue. The question in *Kenez* v. *Novelty Compact Leather Co.,* 111 Conn. 229, 149 A. 679 (1930), was whether a child employed in violation of a predecessor of General Statutes § 31-23 was entitled to compensation under the terms of the act. The employer relied on the general principle that agreements in violation of public policy are unenforceable, and thus the child could not be deemed an "employee" as defined by § 31-275 (5). Holding that the child was

ees, all defendants being represented by the same counsel. For this reason we have decided not to address the question of whether the suit against the employees may also be viable because the employment contract violated General Statutes § 31-23 (b).

an employee within the act despite the illegal employment contract, this court stated that "as regards the child the legislature very evidently did not regard him as in any sense a real wrongdoer if he entered into such a contract without there being a compliance with the statutes. It might be that the employer could get no advantage from such a contract in a court of law because he would not be permitted to set up the fact that he had acted in contravention of its mandate, but that would not necessarily prevent the child from claiming any benefit which might arise out of its terms." *Kenez* v. *Novelty Compact Leather Co.,* supra, 234. The court in *Kenez* seemed to recognize that the child and the employer were not in pari delicto in entering into the illegal contract and that such a contract might be unilaterally enforceable by the child.

When the issue we face today subsequently arose in *Greenberg* v. *Guiliano,* 131 Conn. 157, 38 A.2d 436 (1944), however, the court refused to allow the illegally employed minor to avoid the employment contract in order to bring an action for injuries received during his employment. The *Greenberg* court relied upon the ruling in *Kenez* that an illegally employed minor is an employee within the terms of the act, and upon the case of *Wells* v. *Radville,* 112 Conn. 459, 463, 153 A. 154 (1931), which had held that the administrator of the estate of a minor who had been *legally* employed cannot sue the employer in a wrongful death action for negligently having caused the minor's death. The court in *Greenberg* extrapolated from those cases the rule that an *illegally* employed minor, too, cannot recover from his employer in a common law damage suit. This rule, of course, affords the employer an advantage from the illegal employment contract and thus appears to be inconsistent with dicta in *Kenez* quoted above. In the present case the plaintiffs request that we overrule our decision in *Greenberg.* We are persuaded that the rule of *Greenberg* is no longer viable.

We agree with the view set forth by the Supreme Court of Alaska in *Whitney-Fidalgo Seafoods, Inc.* v. *Beukers,* 554 P.2d 250, 253 (Alaska 1976), that "[t]he child labor laws . . . are premised in part on the notion that a child is not competent to assess the risks of personal injury and exploitation attendant in the performance of hazardous activities. Where one party to an agreement possesses a legal disability of this type, we will not permit the other, who occupies a superior bargaining position, to raise the agreement as a shield against the child's common law suit." See also *Widdoes* v. *Laub,* 33 Del. 4, 129 A. 344 (1925); *Secklich* v. *Harris-Emery Co.,* 184 Iowa 1025, 169 N.W. 325 (1918); *Hadley* v. *Security Elevator Co.,* 175 Kan. 395, 264 P.2d 1076 (1953); *Rock Island Coal Mining Co.* v. *Gilliam,* 89 Okla. 49, 213 P. 833 (1923); *Wlock* v. *Fort Dummer Mills,* 98 Vt. 449, 129 A. 311 (1925); but see *Winn-Lovett Tampa, Inc.* v. *Murphree,* 73 So. 2d 287 (Fla. 1954); *Mott* v. *River Parish Maintenance, Inc.,* 417 So. 2d 384 (La. App. 1982); *Bingham* v. *Lagoon Corporation,* 707 P.2d 678 (Utah 1985); see generally 1C A. Larson, Workmen's Compensation (1986) § 47.52 (a). Consequently, we conclude that the trial court erred in determining that our Workers' Compensation Act provides the exclusive remedy for the death of the plaintiffs' decedent.

We hold that the plaintiff administrator's wrongful death action pleaded in the first count of the complaint is not barred by § 31-284 (a). We recognize that agreements made in violation of public policy have been deemed unenforceable and "void." See *Casanova Club* v. *Bisharat,* 189 Conn. 591, 458 A.2d 1 (1983); *Griffin* v. *Nationwide Moving & Storage Co.,* 187 Conn. 405, 446 A.2d 799 (1982); *McCarthy* v. *Santangelo,* 137 Conn. 410, 78 A.2d 240 (1951). Courts will ordinarily condemn entire agreements as unenforceable by both parties, however, only if both are in pari delicto. See

*Vaszauskas* v. *Vaszauskas,* 115 Conn. 418, 423, 161 A. 856 (1932); E. Farnsworth, Contracts (1982) § 5.1, p. 327. We agree that "[i]t would be just as inequitable to allow the employer to avoid liability for compensation benefits on the basis of the illegality of the employment contract, as it would be to permit it to deny common law liability on the basis of the wrongful contract. . . . [T]his form of illegality produces a voidable, rather than void, contract. Thus . . . the minor should have the option of avoiding or ratifying the contract of hire, similar to the prerogative minors possess with regard to other contractual arrangements." *Whitney-Fidalgo Seafoods, Inc.* v. *Beukers,* supra, 253–54; see also *American Surety Co.* v. *Clarksville,* 204 Tenn. 67, 75, 315 S.W.2d 509 (1958). Our decision, therefore, must not be interpreted to bar a meritorious workers' compensation claim by a minor who was illegally employed when injured but who chooses not to bring a common law suit. We have not declared that such a minor is not an employee within the terms of our Workers' Compensation Act, and thus do not disturb this court's ruling in *Kenez* v. *Novelty Compact Leather Co.,* supra.

As the quotation from *Whitney-Fidalgo Seafoods, Inc.,* suggests, our disposition of the present case accords with the common law doctrine that a child who enters into a contract may elect "to avoid the legal relations created by the contract, or by ratification of the contract to extinguish the power of avoidance." 1 Restatement (Second), Contracts § 7.[5] While personal to the minor, the power of avoidance can be exercised by his legal representative including, in the event of the minor's death, his executor or administrator. See

---

[5] Because "[a]n effective ratification cannot be made by one who is not yet of age"; E. Farnsworth, Contracts (1982) § 4.4, p. 218; no claim of ratification can be made with respect to the plaintiffs' decedent, who at his death was a minor of seventeen years.

*Gendreau* v. *North American Life & Casualty Co.,* 158 Minn. 259, 197 N.W. 257 (1924); *Eagan* v. *Scully,* 29 App. Div. 617, 51 N.Y.S. 680 (1898), aff'd, 173 N.Y. 581, 65 N.E. 1116 (1902); E. Farnsworth, supra, § 4.4, p. 217. The other party, however, is bound unless the minor elects to avoid the contract. Nevertheless, we limit this power of election with respect to employment contracts to minors who had been illegally employed. Minors employed lawfully, and therefore not in derogation of our child labor laws, are brought, by the specific language of our Workers' Compensation Act, within its provisions. General Statutes § 31-310 provides in part that, "[f]or the purpose of determining the amount of compensation to be paid in the case of a minor under the age of eighteen years who has sustained an injury entitling him to compensation for total or partial incapacity for a period of fifty-two or more weeks, or to specific indemnity for any injury under the provisions of section 31-308, the commissioner may add fifty per cent to his average weekly wage, except in the case of a minor under sixteen years of age, in which case the commissioner may add one hundred per cent to his average weekly wage." It is therefore reasonable to deduce that the legislature intended to make the exclusive remedy provision of General Statutes § 31-284 similarly applicable to such minor employees. We thus find no inconsistency between our holding today and the determination of this court in *Wells* v. *Radville,* supra, that the administrator of the estate of a lawfully employed minor is barred from suing the employer in a wrongful death action.

In the first count of his complaint, which sounds in negligence, the plaintiff administrator alleges that the defendants assigned the inexperienced decedent to hazardous work without the benefit of adequate training or supervision, and without furnishing necessary safety devices. In light of our conclusion that the plaintiff

administrator may bring a damage suit, we hold that the trial court erred in granting the defendants' motion to strike with respect to the first count, which alleges sufficient facts to sustain the plaintiff administrator's cause of action for negligence. See *Belevicze* v. *Platt Bros. & Co.*, 84 Conn. 632, 636, 81 A. 339 (1911).

In the four remaining counts of the complaint the plaintiffs have attempted to allege facts that might constitute additional grounds for avoiding the prohibition in § 31-284 (a) against suing employers for work-related injuries. In *Jett* v. *Dunlap*, 179 Conn. 215, 221, 425 A.2d 1263 (1979), we recognized for intentional torts committed by an employer an exception to the exclusivity of the workers' compensation remedy. As the trial court in the present case noted in its memorandum of decision on the motion to strike, the remaining counts of the complaint apparently were drafted in order to raise claims falling within that exception. Adopting the single ground set forth by the defendants in their memorandum in support of the motion to strike, the court ruled that the allegations of the complaint suffered from the shortcomings we recently deemed fatal to the common law action brought in *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 96, 491 A.2d 368 (1985). In *Mingachos* we declined to extend judicially the *Jett* exception to § 31-284 " 'to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of genuine intentional injury.' " *Mingachos* v. *CBS, Inc.*, supra, 108, quoting 2A A. Larson, Workmen's Compensation (1976) § 68.13. Because we recognize a further exception to the exclusivity of the act where a minor has been illegally employed, we need not scrutinize the complaint to gauge the applicability of the *Jett* exception.

If the remaining counts of the complaint fail to allege sufficient facts to sustain the plaintiffs' causes of action for intentional torts, breach of contract[6] and infliction of emotional distress, when considered without reference to the *Jett* exception, the defendants have not alleged such an alternative ground in their motion to strike. This court will not uphold the granting of the motion to strike on a ground not alleged in the motion nor relied upon by the trial court. See *Morris* v. *Hartford Courant Co.,* supra, 682; W. Maltbie, Connecticut Appellate Procedure § 65. The trial court, in passing upon the defendants' motion, properly considered only the ground they did specify. *Morris* v. *Hartford Courant Co.,* supra; *Cyr* v. *Brookfield,* 153 Conn. 261, 263, 216 A.2d 198 (1965). We review this case on the theory upon which it was decided below. *Mingachos* v. *CBS, Inc.,* supra, 96; *Fuessenich* v. *DiNardo,* 195 Conn. 144, 151, 487 A.2d 514 (1985). We therefore decline to ascertain whether any appropriate alternative grounds exist upon which to uphold the court's ruling with respect to the remaining counts.

There is error, the judgment is set aside and the case is remanded with direction to deny the motion to strike and for further proceedings.

In this opinion the other justices concurred.

---

[6] The fifth count alleges the named defendant's breach of its employment contract with the decedent in that it allegedly failed to take proper safety precautions upon hiring the decedent. The gravamen of the plaintiffs' complaint is that their decedent suffered personal injuries resulting in death due to the defendants' tortious conduct. The exclusive remedy provision of General Statutes § 31-284 (a) of our Workers' Compensation Act exempts employers from liability "to any action for damages on account of personal injury sustained by an employee . . . ." Anticipating the further proceedings of this case, we note that if, as a general matter, employees could translate personal injury claims into contract claims, that exclusive remedy provision would be rendered wholly ineffectual.