[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff has filed a motion to strike the second and third counts of the counterclaim. The counterclaim alleges breach of express and implied warranties under sections 42a-2-313
and 42a-2-314 of the General Statutes based on an oral contract for the plaintiff to renovate a 1933 Chevrolet sedan of the defendant to make it operable for road use. While a motion to strike admits all facts pleaded it does not admit legal conclusions or opinions stated in the pleading challenged. Mingachos v. CBS, Inc., 196 Conn. 91, 108; Blancato v. Feldspar Corporation, 203 Conn. 34, 36, 37.
In order for Article 2 of the Uniform Commercial Code to apply there must be a transaction in goods. Section 42a-2-102
C.G.S. "Goods" are defined in section 42a-2-105(1) as "all things, including specifically manufactured goods, which are movable at the time of identification to the contract for CT Page 1734 sale." (Emphasis added). A "contract for sale" must be a contract for the present or future sale of goods. Section 42a-2-106(1) C.G.S. In order for the express and implied warranty provisions relied upon by the defendant to apply here, the plaintiff would have to be a seller of goods and the defendant would have to be a buyer of goods subject to the Uniform Commercial Code. It is apparent from the pleadings that this is not the situation. A "seller" is a person who sells or contracts to sell goods, and a "buyer" is a person who buys or contracts to buy goods. Section 42a-2-103(1)(a) and (d) C.G.S.
The car repaired by the plaintiff was owned by the defendant. The contract was for restoration and repair of a car, not its sale. Accordingly, the transaction was not a sale of goods subject to Article 2 of the Uniform Commercial Code and the express and implied warranty provisions in it. See Gulash v. Stylarama, Inc., 33 Conn. Sup. 108, 111, 113.
The motion to strike the second and third counts of the counterclaim is granted.
ROBERT A. FULLER, JUDGE