[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER (#221)
After hearing held on defendant-Morganti, Inc.'s motion to strike, it is hereby ORDERED:
"In deciding upon a motion to strike . . . a trial court must take the facts to be those in the complaint; [cases cited]; and cannot be aided by the assumption of any facts not therein alleged." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348
(1990). In her complaint, the plaintiff alleges that her decedent was lawfully working on the premises at the time of his fatal accident and that the defendant-Morganti breached certain duties owed to him. Whether the principal employer defense (31-291, Conn. Gen. Stat.) is available to the defendant cannot be determined from the pleadings alone, which, in any event, must be construed in a manner most favorable to the non-movant. Blancato v. Feldspar Corp., 203 Conn. 34, 36 (1987). Each of the elements of such defense ordinarily raises an issue of fact to be determined by the jury. Gedeon v. First National Supermarkets, Inc., 21 Conn. App. 20, 24 (1990). Accordingly, the motion is denied.
GAFFNEY, J. CT Page 3788