[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
A. MEMORANDUM OF DECISION PLAINTIFF'S MOTION TO STRIKE DEFENDANT IYENGAR'S SPECIAL DEFENSE
B. MEMORANDUM OF DECISION ON THIRD PARTY PLAINTIFFS' MOTION TO CONSOLIDATE ACTIONS
A.
In Docket No. CV 87 0236910, the plaintiff has moved to strike a special defense filed by the defendant Iyengar on the bases that:
1. The allegations of the special defense do not relate to any issues for which proof may be offered during the trial or which the trier of fact — the jury — is to decide.
2. Connecticut General statutes Section 52-216a expressly prohibits the submission of such information to the jury and it would be relevant, if at all, in post trial proceedings pursuant to General statutes Section 52-216a.
The defendant, Ramchandra Iyengar, M.D., opposes the motion contending that the special defense is not prohibited by General Statute Section 52-216a because Dr. Iyengar cannot be considered to be a "joint tortfeasor" with the original tortfeasors, National Car Rental Systems, Inc. and Joyce Vernon, within the context of the statutory provision.
CGS Sec. 52-216a reads as follows:
 READING OR AGREEMENTS OR RELEASES TO JURY PROHIBITED. ADJUSTMENTS FOR EXCESSIVE AND INADEQUATE VERDICTS PERMITTED. An agreement with any tortfeasor not to bring legal action or release of a tortfeasor in any cause of action shall not be read to a jury or in any other way introduced in evidence by either party at any time during the trial of the cause of action against any other joint tortfeasors, not shall any other agreement not to sue or release of claim among any plaintiffs or defendants in the action be read or in any other way introduced to a jury. If the court at CT Page 5007 the conclusion of the trial concludes that the verdict is excessive as a matter of law it shall order a remittitur and, upon failure of the party so ordered to remit the amount ordered by the court, it shall set aside the verdict and order a new trial. If the court concludes that the verdict is inadequate as a matter of law, it shall order an additur, and upon failure of the party so ordered to add the amount ordered by the court, it shall set aside the verdict and order a new trial. This section shall not prohibit the introduction of such agreement or release in a trial to the court.
It appears that the plaintiff, Arthur D. Patenaude, as administrator of the estate of Mary Addicott, filed an action (CV 87 0236766 S) against National Car Rental Systems, Inc. and Joyce Vernon, because of injuries allegedly sustained by the plaintiff's decedent in an automobile accident occurring on January 31, 1985. The plaintiff also instituted an action (CV 87 0236910 S) against St. Vincent's Medical Center and Ramchandra Iyengar, M.D., for medical malpractice alleged to have occurred at the hospital after the plaintiff's decedent was brought to the emergency room following the accident.
The action against National Car Rental Systems, Inc. and Joyce Vernon was resolved by settlement reached on July 13, 1990 in which the plaintiff received $125,000.
In this action (CV 87 0236910 S) against St. Vincent's Medical Center and Ramchandra Iyengar, M.D., for medical malpractice, the defendant Iyengar has filed a special defense alleging that in the event the plaintiff is entitled to a verdict on his behalf, the $125,000 settlement reached by the plaintiff with National Car Rental Systems, Inc. and Joyce Vernon must be considered by the jury as a set-off in its determination of damages. The defendant, Ramchandra Iyengar, wishes to introduce evidence of the fact and the amount of the plaintiff's settlement with National Car Rental Systems, Inc. and Joyce Vernon.
The plaintiff agrees that he did reach a compromise settlement with other defendants in a separate law suit as a result of an automobile accident. He maintains that the present action is for medical malpractice alleged to have occurred at the hospital after the plaintiff's decedent was brought to the emergency room after the accident.
The plaintiff therefore asserts that the special defense is a clear violation of the plain words of CGS 52-216a which says in part that the settlement agreement "[s]hall not be read CT Page 5008 to a jury or in any way introduced into evidence." The defendant will be entitled to proceed under CGS Sec. 52-216a to ask the trial court, after a verdict in favor of the plaintiff, to reduce the verdict on the grounds that it is excessive when the prior settlement is considered; and in order to do so, the defendant is not required to plead the compromise settlement in the case itself.
The defendant Iyengar on the other hand, contends that since the section prohibits, in pertinent part, the introduction of a release of a tortfeasor "at any time during the trial of the cause of action against any other joint tortfeasors," the statute is not applicable in this action as the original tortfeasors previously released by the plaintiff are not "joint tortfeasors" with him.
It is clear under Connecticut law that a tortfeasor who causes a plaintiff's original injuries is liable to that plaintiff for damages caused by the alleged negligence of a physician in treating the injuries. Wright v. Blakeslee,102 Conn. 162, 167-68. (1925).
This, the defendant claims, does not establish the relationship of "joint tortfeasors" between the original tortfeasor and the subsequent treating physician.
The defendant cites cases from other jurisdictions to sustain this claim. In Gertz v. Campbell, 55 Ill.2d 84,302 N.E.2d 40 (1973), a plaintiff pedestrian was injured by a motorist. The defendant motorist filed a third party complaint alleging malpractice against a physician, Snyder, who subsequently treated the plaintiff. Although the trial court dismissed the third party action on the basis that it was barred by the rule prohibiting contribution among joint tortfeasors, the Supreme Court of Illinois, agreed with the intermediate appellate court's reversal because the motorist and the physician were not joint tortfeasors. Although acknowledging that a tortfeasor who causes a plaintiff's original injuries is liable to that plaintiff for damages caused by the alleged negligence of a physician in treating the injuries, the court found nevertheless that the motorist and physician were not joint tortfeasors because:
 There was no concert in the conduct of Campbell [the motorist] and Dr, Snyder. Inter alia, neither had control over the acts of the other; the plaintiff's cause of action is based on claimed violations of different duties owed to the plaintiff by the original tortfeasor and the physician. The wrongful conduct and the injuries sustained were at different times. CT Page 5009 The physician in a case as here is not liable for the negligence of the original tortfeasor. Other courts, too, have concluded that under the circumstances as here the original tortfeasor and the one charged with malpractice are not deemed to be joint tortfeasors. [Citations omitted]. Id. at 43.
The defendant has cited additional cases from other jurisdictions which draw the distinction between joint tortfeasors and successive tortfeasors — Herrero v. Atkinson,227 Cal.App.2d 69, 38 Cal.Rptr. 490 (1964); Radford-Shelton v. St. Francis Hospital, 569 P.2d 506 (Oklh. App. 1977); Bost v. Metcalf, 219 N.C. 607, 14 S.E.2d 648 (1941); Fisher v. Milwaukee Electric Ry. Light Co., 173 Wis. 57, 180 N.W. 269 (1920).
Although there is no Connecticut Supreme Court decision directly on point. The defendant has called the court's attention to First National Supermarkets, Inc. v. Park City Hospital, et al, 10 C.L.T. No. 28, p. 15 (Berdon, J.) and to a recent U.S. District Court for Connecticut decision, United states v. Yale New Haven Hospital, 727 F. Sup. 7884 (D.C. Conn. 1990). In the latter case, the the United States had been found liable under the Swine Flu Immunization Act and Federal Tort Claims Act, but was not precluded from seeking apportionment from a successive tortfeasor, the court denying the defendants' motion to dismiss on the claim that state law precluded contribution among tortfeasors.
From the reasoning of these cases, the defendant Iyengar claims that he must be considered, for purposes of this motion, as a successive and independent tortfeasor to the original tortfeasors — National Car Rental Systems, Inc. and Joyce Vernon — and not as a joint tortfeasor. The wrongs allegedly done to the plaintiff's decedent by the respective parties arose from violations of different duties owed to the decedent. There was no concerted action by the parties and neither had control over the acts of the other. The alleged wrong acts and injuries occurred at different times. Dr. Iyengar is not liable for the negligence of the original tortfeasors but can be held liable only for his alleged negligent conduct.
Because General Statutes Section 52-216a applies only to trial against any other "joint tortfeasor", the defendant claims that the statute is inapplicable to the case at bar. The defendant asserts, since the language of the statute is clear and unambiguous, the intent of the statute is to be determined from its language. Landry v. Personnel Appeal Board, 138 Conn. 445,447, 86 A.2d 70 (1952). In such a case, the language speaks for itself and there is no occasion to construe it. State ex rel Cooley v. Kegley, 143 Conn. 679, 683, 124 A.2d 898 (1956). CT Page 5010
The plaintiff counters that the defendant's argument would be cogent if the term "joint tortfeasor" had a single "plain meaning" in this state which was consistent with the case law cited by the defendant concerning rights of contribution and indemnity, much less the issue of a defense against the claims of a tort victim. There is no such common meaning. Before the enactment of the present version of Section 52-216a, the term "joint tortfeasor' had been used by a court of this state to apply to successive tortfeasors, independently responsible for the same harm, in the context of a claim for satisfaction based on a settlement. Laznowsky v. Furdanowicz, 22 Conn. Sup. 297
(1961).
The Appellate Court in Gionfriddo v. Gartenhaus Cafe,15 Conn. App. 392, 398, aff'd 211 Conn. 67 (1989), citing Restatement (Second) Torts, Section 886A, p. 338, comment b, stated: "[j]oint tortfeasors are `two or more persons who are liable to the same person for the same harm.'" As the plaintiff points out, that this "looser" description of joint tortfeasors has been recognized by the editors of Prosser on Torts. "[D]efendants whose negligence has concurred to produce a single result . . . by loose usage have been called joint tortfeasors." W. Prosser W. Keeton, Torts (5th Ed. 1984), Section 47, pp. 328-329.
The legislature, has defined "joint tortfeasors" to mean "two or more persons jointly or severally liable in tort for the same injury to person or property whether or not a judgment has been recovered against all or any of them." General Statutes Section 52-572e — Release of Joint Tortfeasor. This is a definition found, inter alia, for joint tortfeasors in Ballentine's Law Dictionary (3rd Edition). There is no requirement here for breach of common duties or concert of action, merely joint liability for the same harm.
As the plaintiff notes, in the absence of a definitive plain meaning of the term "joint tortfeasor," the court should presume that the legislature has enacted a consistent body of law. Caulkins v. Petrillo, 200 Conn. 713, 718, 513 A.2d 43
(1986). Both General Statutes Section 52-216a and 52-572e
concern the use of the term "joint tortfeasor" in the context of a settlement with one tortfeasor on remaining tortfeasors; there is no reason to presume the legislature meant to give different meaning to the term in one as against the other section. Except that the issue arose in a "strict" joint tortfeasor claim, there is nothing in the Supreme Court's opinion in Peck v. Jacquemin, 196 Conn. 53, 491 A.2d 1043 (1985) — construing the constitutionality of Section 52-216a and its effect on the common law rule that prior payments made by a tort feasor are to CT Page 5011 be credited in reduction of any judgment rendered against another tort feasor — that would indicate it found or the legislature intended to distinguish between tortfeasors acting in concert and successive tortfeasors whose acts combine to cause injury to the plaintiff.
The court finds the argument of the plaintiff persuasive and therefore is of the opinion that the term "joint tortfeasors" in Section 52-216a means what the legislature had defined it to mean in Section 52-572e: "two or more persons jointly or severally liable in tort for the same injury to person or property. . ."
Under Section 52-216a, a post-verdict reduction based on a prior settlement does not concern a matter of proof to be established during the course of a jury trial, it is not properly the subject of a special defense.
The plaintiff's motion to strike the special defense is granted.
 B.
In light of the court's opinion above, the plaintiff's objection to consolidate the third party indemnification claims of National Car Rental Systems, Inc. and Joyce Vernon against the defendants St. Vincent's Medical Center Ramchandra Iyengar, M.D. in CV No. 87-0236766 with the plaintiff's action against those defendants in CV No. 87-0236910 is sustained. This is also consistent with the trial court's ruling in the former case that the third party claims be severed and tried after the malpractice action has been resolved.
The plaintiff's objection to the motion to consolidate is sustained.
NIGRO, J.