[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE THE THIRD COUNT
Bruce E. Newman for plaintiff.
Howd Ludorf for defendant.
This action arises out of a car accident that occurred on August 16, 1993, in which the plaintiff, James Garrity, allegedly sustained serious physical injuries as a result of the negligence of the defendant, James Gingras. The third count of the plaintiffs' complaint alleges a cause of action for the loss of consortium suffered by the plaintiff Marie Gilbert as a result of the injuries to Garrity. The plaintiffs claim that Gilbert was the common law spouse of Garrity.
The defendant now moves to strike the third count of the complaint and argues that Connecticut does not recognize a cause of action for loss of consortium on behalf of a common law spouse. However, the defendant relies on cases that are more accurately described as standing for the proposition that Connecticut law does not allow common law marriages. The distinction is subtle, but is critical for purposes of resolving this motion.
Although Connecticut law prescribes certain formalities which are prerequisites to a valid marriage contract, Connecticut courts do recognize the existence of common law marriages in other states and "it is a generally accepted rule that a marriage that is CT Page 7968 valid in the state where contracted is valid everywhere." Collierv. Milford, 206 Conn. 242, 248 (1988). If the conduct of the plaintiffs herein was such as to meet the requirements of Pennsylvania's law governing common law marriages, their marriage would be recognized as valid in this state as well.
The right of a spouse to bring a loss of consortium claim is firmly rooted in Connecticut law. See, e.g., Lynn v. HaybusterManufacturing, Inc., 226 Conn. 282 (1993). Construing the complaint in the manner most favorable to the pleader, as is required for purposes of deciding this motion to strike, Blancato v.Feldspar Corporation, 203 Conn. 34, 36 (1987), the plaintiffs have stated a cause of action in the third count and, therefore, the defendant's motion to strike it must be denied.[1]
Goldberg, Judge.