[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO, STRIKE
The plaintiffs, Winsted Land Development Company and Ledgebrook, LLC, commissioned the development and construction of a shopping center in Winsted, Connecticut. The plaintiffs' complaint, filed on July 26, 1996, alleges that they entered into a contract on June 7, 1988, with the defendants, Design Collaborative Architects, P.C. and Kasper Associates, Inc., to provide professional architectural and engineering support and to CT Page 6339 obtain all required permits and approvals from any governmental agencies having jurisdiction over the project. The complaint further alleges that phase one of the project was completed in September of 1989, and in August of 1994, Winsted Development signed a contract to sell phase two of the project to Wal-Mart Stores, Inc. The following October, Wal-Mart informed Winsted Development that the project lacked two permits required for the development and construction of the property. The plaintiffs were unsuccessful in obtaining the necessary permits and Wal-Mart terminated its contract with the plaintiffs.
As a result, the plaintiffs filed an eight count complaint against the defendants alleging the following: count one — breach of written contract, count two — breach of oral contract, count three — breach of express warranty of workmanship, count four — malpractice, count five — negligent misrepresentation, count six — breach of fiduciary duty, count seven — fraudulent concealment, and count eight — Connecticut Unfair Trade Practices Act (CUTPA).
The defendants filed this motion to strike on February 21, 1997. The defendants move to strike counts three, four, five, six and eight of the plaintiffs' complaint on the ground that the plaintiffs allegations are legally insufficient. The defendants do not contest the legal sufficiency of counts one, two and seven.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint"; (citation omitted) id.; and the grounds specified in the motion.Blancato v. Feldspar Corp., 203 Conn. 34, 44, 522 A.2d 1235
(1987). The motion to strike "admits all facts well pleaded."Mingachos v. C.B.S., Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "The court must construe the facts in the complaint most favorably to the plaintiff." Waters v. Autuori, supra,236 Conn. 825. "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id., 826.
Count Three
Liability for innocent misrepresentation is not a novelty in this state, such liability is based on principles of warranty law CT Page 6340 and is not confined to contracts for the sale of goods. Johnsonv. Healy, 176 Conn. 97, 102, 405 A.2d 54 (1979). "[E]xpress warranty encompasses material representations which are false, without regard to the state of mind or due care of the person making the representation." Id., 100. "If a man makes a statement in regard to a matter upon which his hearer may reasonably suppose he has the means of information, . . . and the statement is made as part of a business transaction, or to induce action from which the speaker expects to gain an advantage, he should be held liable for the consequences of reliance upon his misstatement." Id., 101. In Johnson, the Supreme Court found that a builder's statement, in response to an inquiry regarding the quality of the construction, that the house was made of the best material, that he had build it, and that there was nothing wrong with it was relied upon by the buyer and induced him to purchase the home. Such facts were sufficient to establish the existence of an express warranty of workmanship and habitability. Id., 99-103.
The plaintiffs allege that entered into a written contract with the Design Architects, which required the defendants to obtain all permits and approvals required by all governmental authorities having jurisdiction over the project. They further allege that the defendants on numerous occasions advised Winsted Development that all necessary permits and approvals had been obtained and that construction could begin. In addition, it is alleged that the defendants did not obtain two permits necessary for completion of the project. Such allegations sufficiently allege a breach of express warranty of workmanship; therefore, the defendants' motion to strike count three is denied.
Count Four
"Malpractice is commonly defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all circumstances in the community by the average prudent reputable member or the profession with the result of injury, loss, or damage to the recipient of those services." Davis v. Margolis, 215 Conn. 408,415, 576 A.2d 489 (1990).
The defendants contend that count four does not allege specific facts or conduct which would give rise to a claim of malpractice. They argue that the plaintiffs simply make a conclusion that the defendants' conduct constituted malpractice, CT Page 6341 without informing the court what conduct gives rise to the malpractice claim.
This court finds the defendants argument unpersuasive. The complaint alleges that the plaintiffs contracted with the defendants to obtain all necessary permits for the subject project and as a result of the defendants failure to obtain such permits, Wal-Mart terminated its contract with the plaintiffs. It is further alleged that the defendants owed the plaintiffs a duty to exercise reasonable care, technical skill, ability, and diligence ordinarily required of architects in similar circumstances when obtaining permits and approvals and that the defendants were negligent in their duties in that they failed to take the minimal reasonable steps which are standard for the profession in obtaining such permits and approvals. In viewing the allegations in the light most favorable to the plaintiffs, the court finds that count four sufficiently alleges a claim of professional malpractice. Accordingly, the defendants' motion to strike count four is denied.
Count Five
The Supreme Court "has long recognized liability for negligent misrepresentation." Williams Ford, Inc. v. HartfordCourant Co., 232 Conn. 559, 575, 657 A.2d 212 (1995). "[They] have held that even an innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth." Id. "The governing principles are set forth in similar terms in § 522 of the Restatement (Second) of Torts (1977): `One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.'" Id.
Count five, which incorporates the above mentioned allegations, further alleges that the defendants made representations that they had obtained all of the necessary permits, that the representations were made carelessly and negligently in that they knew, or should have known, that two permits had not been obtained, that the representations were intended to induce and did induce the plaintiffs to rely upon such statements to the plaintiffs detriment, and that as a result CT Page 6342 of the misrepresentations Wal-Mart terminated its contract with the plaintiffs.
Count Six
"A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other. . . . The superior position of the fiduciary or dominant party affords him great opportunity for abuse of the confidence reposed in him."Albuquerque v. Albuquerque, 42 Conn. App. 284, 287, 679 A.2d 962
(1996), citing Dunham v. Dunham, 204 Conn. 303, 323,528 A.2d 1123 (1987). "Whether such a confidential relationship exists is a factual question for the trial court." Id. Furthermore, "equity has carefully refrained from defining a fiduciary relationship in precise detail and in such a manner as to exclude new situations." Konover Development Corp. v. Zeller, 228 Conn. 206,222, 636 A.2d 798 (1994).
The plaintiffs allege, in count six, that the defendants represented that they had superior knowledge, skill and expertise in the development and construction of shopping centers and agreed to represent plaintiff's interests in the development of the shopping center. In viewing the complaint in a light most favorable to the plaintiff, this court finds that count six sufficiently alleges the existence of fiduciary relationship.
Count Eight
The Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b, provides that "no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or business." Fink v.Golenbock, 238 Conn. 183, 212, 680 A.2d 1243 (1996). The Supreme Court has determined that an act or practice is deceptive if three requirements are met. "First, there must be a representation, omission, or other practice likely to mislead consumers. Second, the consumers must interpret the message reasonably under the circumstances. Third, the misleading representation, omission, or practice must be material — that is, likely to affect consumer decisions or conduct." Caldor,Inc. v. Heslin, 215 Conn. 590, 597, 577 A.2d 1009 (1990).
In count eight, the plaintiffs reallege the allegations in CT Page 6343 the prior counts and further allege that those actions violated CUTPA in that they were unfair and deceptive trade practices. The defendants contend that the plaintiffs have not alleged sufficient facts to support their CUTPA claim. In the prior counts, the plaintiffs allege that on numerous occasions the defendants advised Winsted Development that all the necessary permits and approvals had been obtained and construction could begin.
Such an allegation sufficiently alleges a deceptive practice under CUTPA. In viewing the allegations in a light most favorable to the plaintiff, the court finds that the plaintiffs alleged that they were mislead by the representation, that the plaintiffs reasonably understood the representation to mean that the defendants had obtained all the necessary permits and approvals and that construction could begin, and that the representation was material in that it affected the plaintiffs' decision to sell phase two of the contract to Wal-Mart.
CONCLUSION
For the foregoing reasons, the defendants' motion to strike counts three, four, five, six and eight of the plaintiffs' complaint is denied.
HON. WALTER M. PICKETT, JR., J. State Judge Referee