[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#115)
The plaintiff, Patricia Dlugoleski, seeks to recover damages sustained as a result of a slip and fall at the Lakeridge Condominium Development on September 29, 1996. The plaintiff alleges that she was walking on the common walkway leading to units #316 and #317 when an employee from Andrighetti Sons, Inc. (Andrighetti)[1] instructed her to walk through the garden area situated in front of units #316 and #317. While walking through the garden, the plaintiff alleges that she stepped on a wet shallow tree trunk causing her to fall and injure her shoulder.
On July 11, 1997, the plaintiff filed a four count amended complaint alleging separate negligence counts against Andrighetti, Lakeridge, Association, Inc., Jay and Rita Kessler, owners of unit #317, and Kathleen Plascner-Belson, owner of unit CT Page 8486 #316.
The defendant, Kathleen Plascner-Belson, filed the present motion to strike on August 27, 1997. She moves to strike the negligence count directed towards her on the grounds that the plaintiff's claim is barred by General Statutes § 47-253 and that she did not owe a duty of care to the plaintiff with respect to the condition of the common garden.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint"; (citation omitted) id., and the grounds specified in the motion. Blancato v. Feldspar Corp. , 203 Conn. 34, 44,522 A.2d 1235 (1987). The motion to strike "admits all facts well pleaded." Mingachos v. C.B.S., Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "The court must construe the facts in the complaint most favorably to the plaintiff." Waters v. Autuori, supra, 236 Conn. 825.
The Lakeridge Condominium Development is subject to the provisions of the Common Interest Ownership Act, General Statutes § 200 et seq. Section 47-249 (a) allocates the duties of maintenance between the condominium association and the unit owners. It provides, in pertinent part, that "the association is responsible for maintenance, repair and replacement of the common elements, and each unit owner is responsible for maintenance, repair and replacement of his unit."
In addition, section 47-253 allocates liability under the Common Interest Ownership Act. Subsection (a) states that "[a] unit owner is not liable, solely by reasons of being a unit owner, for injury or damage arising out of the condition or use of the common elements." Subsection (b) further provides that "[a]n action alleging a wrong done by the association, including an action arising out of the condition or use of the common elements, may be maintained against the association and not against any unit owner."
The plaintiff's complaint alleges that the injury occurred in the common garden in front of units #316 and #317. Since this is a common element and not under the control of the defendant, Kathleen Plascner-Belson, she is not liable for the plaintiff's CT Page 8487 injuries under the Common Interest Ownership Act. Accordingly, the defendant's motion to strike the fourth count of the plaintiff's amended complaint is granted.
HON. WALTER M. PICKETT, JR.State Judge Referee