[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 20, 1997, the plaintiffs, G. Philip Schlegel, III and Marlis Anne Schlegel Steadman as executors of the estate of Trudy H. Schlegel, filed a three count revised complaint against the defendants, New Milford Hospital, Frederick Lohse, M.D., and John Adler, M.D. The basis of the complaint is that the defendants' negligence in the treatment and care of Joseph J. Schlegel resulted in the murder of Trudy H. Schlegel.
On August 29, 1997, the defendants New Milford Hospital and Frederick Lohse, M.D. filed a motion to strike the first and second counts of the plaintiffs' revised complaint. The basis of CT Page 4162 the motion to strike is that the defendants did not owe a legal duty to control or warn and therefore counts one and two are legally insufficient. On October 2, 1997, the defendant, John Adler, filed a similar motion to strike count three, premised upon the same argument. Pursuant to Practice Book § 155, the defendants filed memoranda of law in support of their motions to strike.
On November 17, 1997, the plaintiffs filed a memorandum of law in opposition to the motions to strike. The plaintiffs claim that the motion to strike should not be granted because they have sufficiently alleged a duty to warn and a duty to control.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." R K Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group. Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., supra, 240 Conn. 580. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autori,236 Conn. 820, 825, 676 A.2d 357 (1996). The Connecticut Supreme Court "will not uphold the granting of [a] motion to strike on a ground not alleged in the motion nor relied upon by the trial court." Blancato v. Feldspar Corp., 203 Conn. 34, 44,522 A.2d 1235 (1987).
In support of their motions to strike, the defendants argue that the plaintiffs' complaint fails to allege that Joseph Schlegel had a history of violence toward Trudy Schlegel or that Joseph Schlegel specifically stated to the defendants that he intended to harm Trudy Schlegel. As such, the defendants contend that the plaintiffs' complaint is legally insufficient because in order to state a cause of action based on a duty to control, or a duty to warn, there must be an allegation that the victim was a specifically identifiable victim. CT Page 4163
The plaintiffs argue that the motions to strike should not be granted because they have sufficiently alleged a duty to control. Specifically, the plaintiffs contend that a duty to control arises when there is a special relationship of control or custody between the parties. According to the plaintiffs, the defendants' ability to control Joseph Schlegel's conduct via treatment and utilization of General Statutes § 17a-502 establishes such a duty. Moreover, the plaintiffs contend that they have also sufficiently alleged that the defendants knew or should have known that Joseph Schlegel was dangerous and that Trudy Schlegel was an identifiable victim or a member of an identifiable class of victims. As such, the plaintiffs claim that they have sufficiently alleged a duty to warn and a duty to control.
"Our point of departure has been that absent a special relationship of custody or control, there is no duty to protect a third person from the conduct of another . . . In any determination of whether even a special relationship should be held to give rise to a duty to exercise care to avoid harm to a third person, foreseeability plays an important role . . . Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action . . . The nature of the duty, and the specific person to whom it is owed, are determined by the circumstances surrounding the conduct of the individual . . . Although no universal test for duty has ever been formulated, our threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant . . . Thus, initially, if it is not foreseeable to a reasonable person in the defendant's position that harm of the type alleged would result from the defendant's actions to a particular plaintiff, the question of the existence of a duty to use due care is closed, and no cause of action can be maintained by the plaintiff. (Citations omitted; internal quotation marks omitted.) Fraser v. United States,236 Conn. 625, 632-33, 674 A.2d 811 (1996). In defining "particular person", the Connecticut Supreme Court in Fraser v. United States
held that such person need be an identifiable victim, a member of a class of identifiable victims or within the zone of risk to an identifiable victim. Id. at 637.
Paragraphs 21 through 24 of the plaintiffs' complaint provide the following allegations: At about 10:30 a.m. on March 14, 1994, [Joseph] Schlegel arrived at the Emergency Department at defendant [New Milford Hospital] by ambulance with police escort. He was accompanied there by Mr. [Jeffrey] Morgan and Mrs. [Trudy] CT Page 4164 Schlegel. At the time he presented to the Emergency Department at defendant [New Milford Hospital], Joseph Schlegel was psychotic, delusional, and physically and verbally abusive and violent. At said time and place, State Trooper Gavel advised Dr. Lohse and ER Nurse Woods that [Joseph Schlegel] was potentially violent. At said time and place, the ambulance personnel also advised Emergency Department personnel of [Joseph] Schlegel's recent violent behavior. Later that evening, Jeffrey Morgan also advised hospital staff and doctors of [Joseph] Schlegel's violent behavior.
Paragraphs 29 through 31 of the plaintiffs' complaint provide the following additional allegations: During said admission [to the defendant New Milford Hospital], defendant Lohse made telephone contact with Joseph Schlegel's treating psychotherapist in New York and was advised that [Joseph] Schlegel had a past history of substance abuse and mental disturbance and that in the past he had exhibited bizarre behavior towards and around his mother. During said admission, the defendants and their agents, servants and/or employees knew, or in the exercise of their responsibilities should have known that Joseph Schlegel was exhibiting violent psychotic behavior and that he was at risk for hurting himself or others, including those who had custody and charge of him in general and his mother in particular. Notwithstanding . . . the clear evidence of his . . . violent and deluded behavior . . . Joseph Schlegel . . was released and sent home in the custody of [Trudy] Schlegel and Mr. Morgan.
The plaintiffs have sufficiently alleged that-reasonable persons in the defendants' positions would have foreseen that violent behavior would result from the defendants' actions toward Trudy Schlegel. This conclusion is supported by the allegations which detail the defendants' knowledge of Joseph Schlegel's violent behavior. In construing the allegations of the complaint in the light most favorable to the plaintiffs, the plaintiffs have alleged that the defendants knew of Joseph Schlegel's prior violent behavior toward Trudy Schlegel. Moreover, the plaintiffs have adequately alleged that Trudy Schlegel was an identifiable victim, a member of a class of identifiable victims and within the zone of risk to an identifiable victim. Again, the allegations include the defendants' knowledge that Joseph Schlegel was still exhibiting violent behavior and was being released into Trudy Schlegel's custody. Accordingly, the plaintiffs have adequately alleged a cause of action in negligence based on a duty to control. Therefore, the defendants' CT Page 4165 motions to strike are denied.
HON. WALTER M. PICKETT, JR. JUDGE TRIAL REFEREE