[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is an action for wrongful death brought by the co-administrators of the estate of the decedent, Jill S. Sawyer. The plaintiffs filed a six-count complaint. In addition to naming the City and Town of New Haven as the defendant, also named as defendants are the mayor, the director of traffic and parking, the director of public works, the deputy director of public works, the city engineer, the superintendent of streets, the chief of police, and the light manager. The defendants have moved to strike the second, third, fourth, fifth and sixth counts of the plaintiff's complaint for the reason that said counts failed to state claims or action for which relief may be granted specifically alleging that the defendant, City of New Haven and its employees, are immune from claims of nuisance and negligence pursuant to section 52-557n of the Connecticut General Statutes because the plaintiffs have brought this action based upon section 13a-149 of the Connecticut General Statutes.
The second and third counts of the complaint sound in public nuisance and are alleged only against the defendant City and Town of New Haven. The fourth count sounds in CT Page 6525 negligence against all defendants. The fifth count is against the City and Town of New Haven only and is based on the indemnification statute of section 7-465. The sixth count is against the City and Town of New Haven only and is based on section 52-557n. In Sanzone v. Board of Police Commissioners,219 Conn. 179 (June 11, 1991), the court sustained the granting of a motion to strike against a municipality in holding as follows:
 In short, we construe section 52-557n
to provide that an action under the highway defect statute, section 13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision "for damages resulting from injury to any person or property by means of a defective road or bridge." It also, therefore, precludes a joint action seeking such damages against a municipality and its officer pursuant to section 7-465 (a); otherwise, the proviso in section 52-557n would be stripped of all meaning, for section 7-465 (a) would permit a plaintiff to reach the result forbidden by section 52-557n: the imposition of tort liability on a municipality for a highway defect claim . . .
 We agree with the trial court that section 52-557n removes torts related to highway defects from the class of torts for which municipal employees may be indemnified under section 7-465 (a).
This Court therefore sustains the defendant's motion to strike the second, third, fourth, fifth and sixth counts of the complaint against the Town and City of New Haven.
The remaining issue relates to the fourth count to the extent that that count claims negligence against the remaining individually named defendants. The sole claim of the individually named defendants for striking the fourth count against them is that they are immune from claims of negligence pursuant to section 52-577n of the Connecticut General Statutes because the plaintiffs have brought this action based on section 13a-149 of the Connecticut General Statutes.
In considering a motion to strike, the court construes the allegations in a manner most favorable to the CT Page 6526 pleader. Further, in ruling on a motion to strike, the court is also limited to the grounds raised in the motion. Blancato v. Feldspar Corporation, 203 Conn. 34, 44 (1987). The grounds raised by the individually named defendants in moving to strike count four was rejected in Sanzone, supra, when the court stated in part as follows:
 There is no reason to believe, however, that the legislature intended to eliminate an injured plaintiff's common law right to seek damages from individual municipal employees. Indeed, whereas section 52-557n(b) immunizes both "political subdivisions" and "any employee, officer or agent acting within the scope of his employment or official duties, from liability in enumerated cases, including certain types of highway defects, section 52-557n(a), by contrast, addresses only the liability of "political subdivisions." A plaintiff's failure to sustain his complaint against the municipality is no reason for turning the plaintiff out of court if he can sustain his complaint against the employee."
This Court does not reach the issue of whether the complaint alleges liability on the part of the individual defendants based upon their alleged breach of ministerial duties versus discretionary duties as that claim was not raised by the individually named defendants.
Therefore, the individually named defendants' motion to strike count four is denied.
AXELROD, J.