[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
At the November 2, 1992 motion calendar, the court heard a motion to strike filed by the defendants, Frank Fatta d/b/a Graphic Design and Margaret Fatta d/b/a Graphic Design, relating to the first four counts of the complaint filed against them by the plaintiff, the Connecticut Light Power Company, seeking payment for utility services.
The motion to strike alleges that the electric services allegedly provided to Frank Fatta and Margaret Fatta d/b/a Graphic Design, were actually furnished to Frank Fatta Graphic Design Inc.
A motion to strike tests the legal sufficiency of the allegations of a complaint to state a claim upon which relief may be granted. Practice Book 152(1); Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). A motion to strike admits all facts well-pleaded; Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985); which are then construed in the light most favorable to the pleader. Blancato v. Feldspar, 203 Conn. 34,36, 522 A.2d 1235 (1987). "If facts provable under the allegations would support a . . . cause of action, then the motion to strike must fail." Ferryman v. Groton, supra, 142.
Thus, in deciding this motion to strike we assume the following allegations are true: (1) the defendant Margaret Fatta, d/b/a Graphic Design ordered utility services for light, heat and power from the defendant; (2) Margaret Fatta was the agent of CT Page 1698 Frank Fatta and Frank Fatta is bound by the request for utility services signed by Margaret Fatta; (3) both Frank Fatta and Margaret Fatta are obliged to pay the plaintiff for utility services rendered to them; and (4) both Frank Fatta and Margaret Fatta were unjustly enriched.
The issue in this motion to strike is whether the allegations of one or more of the first four counts adequately assert a cause of action. Attached to the papers in opposition to the motion to strike is a copy of the "application for service," in which the "account name" was stated as "Frank Fatta d/b/a Graphic Design," and the "customer signature" of the person requesting service was "Margaret Fatta". It appears, therefore, that the plaintiff has stated a viable and cognizable cause of action against both Frank Fatta and Margaret Fatta, d/b/a Graphic Design. Further inquiry, either by way of a motion for summary judgment or a full trial on the merits, may, of course, produce a different result. In the meantime, however, the motion to strike must be denied, because if the facts as alleged in the complaint are ultimately proven, then a cause of action against Frank and Margaret Fatta d/b/a Graphic Design has been adequately pleaded.
So Ordered.
Dated at Stamford, Connecticut, this 11th day of February, 1993.
William B. Lewis, Judge