[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE NO. 141 CT Page 132
The plaintiff, Milford Bank, brings this action to recover on a promissory note allegedly executed by the defendants, Kerschner Research and Development, Nolan Kerschner, Jack Stock, and Alan Senie. After the parties prior trial was postponed, the defendants raised allegations that the plaintiff's complaint improperly named "Kerschner Research and Development" rather than "Kerschner Research and Development Corporation." The plaintiff responded by filing a revised six-count complaint on November 3, 1993, and citing "Kerschner Research and Development Corporation" into the case.
In the first count of its revised complaint the plaintiff asserts a claim for payment on the promissory note. In the second count the plaintiff seeks to recover based on a commercial loan guarantee signed by the defendants. In the third count the plaintiff asserts a cause of action for unjust enrichment against the defendants. In the fourth count which sounds in breach of contract the plaintiff alleges that it advanced funds to the defendants and the defendants are indebted to the plaintiff in the amount of $868,211.67. In the fifth and sixth counts the plaintiff alleges that Kerschner Research and Development was a "fictitious entity" and an "alter ego" of Nolan Kerschner, and seeks a reformation of the parties' promissory note, line of credit and guarantees so that they reflect the true intent of the parties.
On November 16, 1993, the defendants filed a motion to strike the first, second, third, fifth and sixth counts of the plaintiff's revised complaint. The plaintiff filed a memorandum of law in opposition on December 1, 1993.
The defendants argue that the first and second counts are legally insufficient because Kerschner Research and Development was not an entity "cognizable at law" and therefore, the note that it executed is a legal nullity. The defendants further argue that since the note is a legal nullity the plaintiff cannot state a legally sufficient cause of action against the individual defendants who personally guaranteed the note. The defendants seek to strike the third count on the ground that the promissory note is a legal nullity and on the grounds that the plaintiff fails to state whether the parties' agreement was oral CT Page 133 or written. The defendants argue that the fifth count is legally insufficient because the plaintiff fails to state the nature of the claimed mistake or what the claimed reformation of the instruments should be. The defendants argue that the sixth count is legally insufficient because the plaintiff's allegation that Kerschner Research and Development was an "alter ego" of Nolan Kerschner constitutes a conclusion unsupported by fact.
The plaintiff first objects to the defendants' motion to strike on the ground that it is procedurally improper because the defendants fail to set forth any legal authority in support of their arguments. Practice Book 155 provides in pertinent part that "each motion to strike must be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies." (Emphasis added.) Blancato v. Feldspar Corporation, 203 Conn. 34, 37, 522 A.2d 1235 (1987). See also Roy v. Borgesano, 3 CSCR 358 (March 21, 1988, Purtill, J.) (court denied motion to strike on ground that movant's supporting memorandum of law failed to cite any legal authority in violation of Practice Book 155). Where an issue is raised by a party, and the party fails "to offer any reasoned explanation" or legal analysis, the "issue is not sufficiently briefed to warrant [the court's] consideration." Gaynor v. Union Trust Co., 216 Conn. 458, 482, 582 A.2d 190 (1990). When a memorandum of law fails to cite any legal authority, the memorandum is "functionally equivalent to no memorandum at all." Palmieri v. Greaux, 2 CSCR 889 (September 14, 1987, Schaller, J.).
The defendants' supporting memorandum of law is devoid of any legal authority and is in violation of Practice Book 155. Since the plaintiff has raised this objection the court may properly deny the defendants' motion to strike on this ground.
The defendants' motion also fails on substantive grounds as well. With respect to the first, second and third counts, the court cannot properly determine whether the promissory note is a "legal nullity" or whether Kerschner Research and Development is an entity which is not "cognizable at law" in the context of a motion to strike. "Where the legal grounds for such a motion [to strike] are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). CT Page 134
The fifth count of the plaintiff's revised complaint contains adequate factual allegations with respect to the nature of the parties' mistake and the nature of the claimed reformation. The sixth count does not state a legal conclusion unsupported by facts because the plaintiff bases its conclusion that Kerschner Research and Development was an "alter ego" of Nolan Kerschner on factual allegations that "Nolan Kerschner signed a promissory note on behalf of Kerschner Research and Development" (sixth count, para. 2), and that "[a]t the time that Nolan Kerschner signed the Promissory note, Kerschner Research and Development was a fictitious entity and had no existence in fact or in law. . . ." (sixth count, para. 3).
The defendants' motion to strike is denied.
BALLEN, J.