[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION
On January 19, 1993, the maternal plaintiff ("Maureen"), individually, and as parent and next friend of her minor son, John McLernon, filed a revised six count complaint against Donald Wood, Kaye Wood (hereinafter "defendants"), John Scofield ("Scofield") and Cynthia Howley ("Howley"), seeking damages for injuries sustained when the minor plaintiff, while "house-sitting" for the defendants, was shot in the neck.
The first two counts are applicable to the defendants. The first alleges that while house-sitting at defendants' residence on August 23, 1992, the minor plaintiff was shot in the neck by a bullet discharged from a .22-caliber handgun owned by the defendant, Donald Wood, which the defendant had placed in his closet. The count continues by asserting that the shooting was caused by the negligence of the defendants in that they: (1) requested the minor plaintiff to watch their property without obtaining the consent of his mother; (2) knew or should have known of the potentially dangerous situation, and failed to warn the minor plaintiff or his mother of such condition; (3) failed to take reasonable steps to store and secure the handgun; and, (4) failed to store the handgun in accordance with Sec. 29-37c of the General Statutes. CT Page 1085
The second count incorporates the allegations of the first count and continues, inter alia, that as a result of the negligence of the defendants, Maureen has expended and will continue to expend considerable sums of money for the care of her son, the minor plaintiff.
The defendants have duly filed an answer and two special defenses in which they set forth how they secured the minor plaintiff to house-sit, and circumstances which they believe served as a precursor for the tragic events to come. The final paragraph recites that "[i]mposition of liability against the defendants Donald Wood, Jr. and Kaye Wood in the circumstances of the present case would violate theSecond Amendment to the United States Constitution." In the second special defense, they incorporate the allegations contained in the first special defense, and conclude by alleging that "[i]mposition of liability against the defendants Donald Wood, Jr. and Kaye Wood under the circumstances of the present case would violate Article I, Section 14 of the Connecticut Constitution."[1] The plaintiffs have moved to strike the third and fourth special defenses on the ground that the defenses have failed to allege an adequate factual predicate in support of the theories in issue.
The second amendment to the United States constitution provides that "[a] well regulated Militia, being necessary to the security of a free state, the right of the people to keep and bear Arms, shall not be infringed." Article 1, Sec. 15 of the Connecticut constitution provides that "[e]very citizen has a right to bear arms in defense of himself and the state."
At the outset, it must be recognized that a constitutional challenge is properly raised by special defense. Insurance Co. of North America v. Pilato, 4 Conn. L. Trib. No. 52, p. 20 (1978). "[A] motion to strike does not admit legal conclusions." Blancato v. Feldspar Corporation,203 Conn. 34, 37. Each of the special defenses stricken by the court were intrinsically contingent on the same factual predicate, i.e., while house-sitting, the minor plaintiff entertained friends and the pistol was retrieved by Scofield and discharged, striking the minor plaintiff causing the injuries. However, the defendants, in their special defenses, have not set forth facts to support how the imposition of civil liability would infringe on the their right to keep and bear arms. Indeed, to reiterate, they simply allege in the CT Page 1086 final paragraph of both special defenses that the imposition of civil liability would violate both the United States and Federal Constitutions. This, without more, does not rise to the level of facts which are consistent with the plaintiffs' statements of fact but show, notwithstanding, that there is no cause of action. See Practice Book, Sec. 164. Once again, the special defenses are without factual predicates, are conclusory in nature, and cannot stand.
The motion to strike is, accordingly, denied.
Moraghan, J.