[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 2, 1997
On June 9, 1997, the plaintiff, Joseph Hurst, filed an amended complaint sounding in negligence against the defendant, Kingsland Company. The plaintiff's, ("Hurst's"), action arises from bodily injuries which he claims were caused by the negligence of the defendant in furnishing the plaintiff with a power saw that lacked an adequate anti-kickback device.
On June 11, 1997, Kingsland Company filed a revised CT Page 10031 apportionment complaint against Harland B. Foster, Inc., Injecta AG, and Garrett Wade Company. According to the apportionment complaint, the power saw used by the plaintiff was manufactured, produced, or distributed by Injecta AG, Garrett Wade Company, and Harland B. Foster, Inc.
On June 26, 1997, Harland B. Foster, Inc. filed a motion to strike counts five and six of Kingsland Company's apportionment complaint on the grounds that Kingsland Company does not seek apportionment under the correct statute. Counts five and six seek apportionment from Harland B. Foster, Inc. under §§ 52-572h and52-572o, respectively, of the Connecticut General Statutes. Pursuant to Practice Book § 155, Harland B. Foster, Inc. filed a memorandum of law in support of its motion to strike. On August 19, 1997, Kingsland Company filed a memorandum of law in opposition to Harland B. Foster Inc.'s motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "[F]or the purpose or a motion to strike, the moving party admits all facts well pleaded." R. K. Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., supra, 240 Conn. 580. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.)Waters v. Autori, 236 Conn. 820, 825, 676 A.2d 357 (1996). The Connecticut Supreme Court "will not uphold the granting of [a] motion to strike on a ground not alleged in the motion nor relied upon by the trial court." Blancato v. Feldspar Corp.,203 Conn. 34, 44, 522 A.2d 1235 (1987).
Harland B. Foster, Inc., ("Foster"), claims that counts five and six should be stricken on the grounds that a third-party claim for apportionment may not be brought under the Product Liability Statute because the Apportionment Statute, General Statutes §52-572h, applies only to claims for negligence. According to Foster, count five should be stricken because in count five Kingsland Company, ("Kingsland"), seeks apportionment pursuant to § 52-572h
CT Page 10032 which allows apportionment, in conjunction with § 52-102b, in a negligence action. Foster argues that it cannot be liable in negligence to either the plaintiff or Kingsland but may only be held liable under a products liability theory. Also, Foster argues that the language in count five of Kingsland's apportionment claim does not allege any of the essential elements of a cause of action in negligence. Rather, Foster claims, the language employed is the functional equivalent of a products liability claim.
Finally, Foster argues that count six should be stricken because it attempts to seek apportionment or contribution pursuant to § 52-572o under the Product Liability Act. Foster argues that § 52-102b is not the proper procedural vehicle for seeking apportionment based on a products liability theory because §52-102b only applies to negligence claims.
Kingsland claims that a claim for apportionment pursuant to §52-572h is not a product liability action or a product liability claim and accordingly the Product Liability Act does not preclude the apportionment sought. Also, Kingsland states that nothing in the language of General Statutes § 52-572h or § 52-102b indicates any legislative intent to exclude product sellers from their scope. Finally, Kingsland argues that the language of the Connecticut Product Liability Act, the Connecticut Tort Reform Act, and the Apportionment Statute can and should be construed in a manner which reconciles any apparent inconsistency, furthers the judicial purpose of consolidating litigation, and fulfills the intent of the legislature to permit allocation of liability by the trier of fact among all responsible persons.
General Statutes § 52-102b (a) provides that "[a] defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. . ."
General Statutes § 52-572h (h)(1) provides that "[a] right of contribution exists in parties who, pursuant to subsection (g) of this section are required to pay more than their proportionate share of such judgment. The total recovery by a party seeking contribution shall be limited to the amount paid by such party in excess of such party's proportionate share of judgment."
Subsection (g)(1) of § 52-572h provides "[u]pon motion by the CT Page 10033 claimant to open the judgment filed, after good faith efforts by the claimant to collect from a liable defendant, not later than one year after judgment becomes final through lapse of time or through exhaustion of appeal, whichever occurs later, the court shall determine whether all or part of a defendant's proportionate share of the recoverable economic damages and recoverable noneconomic damages is uncollectible from that party, and shall reallocate such uncollectible amount among the other defendants in accordance with the provisions of this subsection. . ."
General Statutes § 52-572o (b) provides that "[i]n any claim involving comparative responsibility, the court may instruct the jury to give answers to special interrogatories, or if there is no jury, the court may make its own findings, indicating (1) the amount of damages each claimant would receive if comparative responsibility were disregarded, and (2) the percentage of responsibility allocated to each party, including the claimant, as compared with the combined responsibility of all parties to the action. For this purpose, the court may decide that it is appropriate to treat two or more persons as a single party."
Subsection (e) of § 52-572o provides that "[i]f a judgment has been rendered, any action for contribution must be brought within one year after the judgment becomes final. If no judgment has been rendered, the person bringing the action for contribution either must have (1) discharged by payment the common liability within the period of the statute of limitations applicable to the right of action of the claimant against him and commenced the action for contribution within one year after payment, or (2) agreed while action was pending to discharge the common liability and, within one year after the agreement, have paid the liability and brought an action for contribution."
 I
Kingsland's apportionment complaint is captioned "Revised Appointment [sic] Complaint Pursuant to Connecticut General Statutes § 52-102b." The fifth count of the apportionment complaint requests apportionment of damages pursuant to Connecticut General Statutes § 52-572h. Kingsland does not invoke a specific subsection of § 52-572h. However, in construing the alleged facts most favorably to the plaintiff, here Kingsland, subsection (h)(1) provides for a right of contribution which is the presumed goal of the fifth count. CT Page 10034
The plain language of § 52-572h (h)(1) provides for such a right in parties who, pursuant to subsection (g) are required to pay more than their proportionate share of such judgment. Subsection (g)(1) provides a mechanism for the claimant, who has tried to collect from a liable defendant, to have the court determine whether all or part of a defendant's proportionate share of damages is uncollectible and reallocated among the other defendants. Subsection (g)(4) states that "the defendant whose liability is reallocated is nonetheless subject to contribution pursuant to subsection (h) . . ."
The present case is not one in which the plaintiff, Hurst, attempted to collect a judgment from Foster and the court reallocated Foster's share to the other defendants. As well, there is no showing that Kingsland has been required to pay more than its proportionate share of such judgment and thus seeks contribution from Foster. In fact there is no judgment in this case. However, Kingsland does invoke § 52-102b. Section 52-102b (a) provides that a defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages. Thus, § 52-102b
(a) seems to do away with the need for an existing judgment in order for a defendant to seek contribution in a negligence action.
The only remaining question is whether the present case is a negligence action. The language of § 52-102b clearly states that the relevant claim sounding in negligence is the plaintiff's. Here, the relevant claim is the plaintiff's, Hurst's, claim against Kingsland. Hurst's claim alleges negligence against Kingsland. In turn, § 52-102b is the proper method of seeking apportionment for liability on Hurst's negligence claim. In fact, subsection (f) of § 52-102b provides that "[t]his section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h for a proportionate share of the plaintiff's damages as a party to the action." Accordingly, Foster's motion to strike count five is denied.
 II
The sixth count of Kingsland's apportionment complaint seeks allocation, pursuant to § 52-572o (b), and contribution pursuant to § 52-572o (e). Subsections (b) and (e) of § 52-572o provide for findings of comparative responsibility by the court and parameters in seeking contribution, respectively, in a product liability CT Page 10035 claim. Neither subsection (b) nor subsection (e) provides for the addition of a person as a defendant for allocation of liability or contribution in a product liability action.
Kingsland invokes subsections (b) and (e) of § 52-572o in conjunction with § 52-102b. However, as discussed above, §52-102b only allows for the addition of a person as a defendant for apportionment of liability in a negligence action. Thus, Kingsland has not invoked the proper procedural vehicle to add a person as a defendant in a product liability action. Furthermore, the plaintiff's, Hurst's, claim against Kingsland is not brought pursuant to the Connecticut Product Liability Act. Accordingly, Foster's motion to strike count six is granted.
PICKETT, J.