[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 19, 1995, the plaintiffs, Linda and John Neylan, filed the present two count complaint against the defendant, Irving Pinsky. Count one of the complaint alleged legal malpractice for the defendant's failure to properly handle the plaintiffs' law suit arising from Linda Neylan's injury at Shelton High School. Count two alleged a violation of CUTPA in that the defendant's actions were deceptive, improper, oppressive, and unscrupulous.
On November 3, 1995, the defendant filed a motion for summary judgment on res judicata. Judge Fracasse denied the defendant's motion for summary judgment Again, on June 4, 1996, the defendant filed a motion for summary judgment. Judge Freedman denied the defendant's motion for summary judgment but dismissed count one of the plaintiffs' complaint for lack of subject matter jurisdiction because the plaintiff's legal malpractice claim was not ripe.
On May 9, 1996, the defendant filed an amended answer and special defenses. The defendant's first special defense alleges that the plaintiffs' claim is barred by the doctrine of res judicata. The second special defense alleges that General Statutes § 52-577 bars the plaintiffs' malpractice claim. By way of a third special defense, the defendant alleges that the plaintiffs' CUTPA claim is barred by General Statutes §42-110g(f). Finally, the defendant's fourth special defense alleges that any injury or damage the plaintiffs suffered was caused by the plaintiffs.
The plaintiffs filed a motion to strike the defendant's first, third, and fourth special defenses on April 18, 1997. Pursuant to Practice Book § 155, the plaintiffs filed a CT Page 10461 memorandum of law in support of their motion to strike. On April 30, 1997, the defendant filed an objection and memorandum of law in opposition to the plaintiffs' motion to strike.
A motion to strike may be used to challenge a special defense. Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). In ruling on a motion to strike, the trial court is obligated "to take the facts to be those alleged in the special defenses and to construing the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). "A motion to strike is properly granted if the complaint [or special defense] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). The Connecticut Supreme Court "will not uphold the granting of [a] motion to strike on a ground not alleged in the motion nor relied upon by the trial court." Blancato v. Feldspar Corp., 203 Conn. 34, 44,522 A.2d 1235 (1987).
In support of their motion to strike, the plaintiffs argue that the defendant's first special defense of res judicata should be stricken as legally insufficient because no final judgment was rendered on the merits of this case. The plaintiffs argue that the defendant's third special defense of the statute of limitations should be stricken because it is a bald legal conclusion and, in the alternative, the action was brought within the statute of limitations. Finally, the plaintiffs argue that the defendant's fourth special defense of comparative fault should be stricken because it is a denial by the defendant of his negligence and is more appropriately raised as a general denial.
The defendant argues that the court should not grant the plaintiff's motion to strike because the defendant is required to plead res judicata, the statute of limitations, and comparative fault as special defenses.
"[T]he statute of limitations and res judicata must be specially pleaded. . ." Practice Book § 164. "The doctrine of res judicata, or claim preclusion, provides that a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action between the same parties or those in privity with them on the same claim." Fink v. Golenbock,238 Conn. 183, 190, 680 A.2d 1243 (1996). "If contributory negligence is relied upon as a defense, it shall be affirmatively pleaded by CT Page 10462 the defendant and he shall specify the negligent acts or omissions on which he relies." Practice Book § 167.
The plaintiff's motion to strike the first special defense of res judicata should be granted because a final judgment on the merits was not rendered in this case. While the defendant properly asserted res judicata as a special defense, this court's November 30, 1993 decision, upon which the defendant relies dismissed the plaintiffs' complaint for lack of subject matter jurisdiction because the claim was not ripe. "Ripeness is equated with the justiciability of a claim." Balletti v. Pappas, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 328962 (March 15, 1991, Clark, J.). "A justiciable claim is one capable of resolution on the merits by judicial action." Pellegrino v. O'Neill, 193 Conn. 670, 673, 480 A.2d 476
(1984). It follows that if a claim was dismissed for lack of ripeness, it was not a justiciable claim and the merits were not considered by the court.
In the present case, the issue of the defendant's conduct in handling the plaintiffs' personal injury law suit was not considered by the court. The dismissal of the plaintiffs' claim for lack of subject matter jurisdiction was not a judgment rendered on the merits Thus, the plaintiffs' claim is not barred by the doctrine of res judicata.
The plaintiffs' motion to strike the third special defense, the statute of limitations should be granted. Although the defendant failed to allege any facts to support this legal conclusion. "A motion to strike is properly granted if the complaint [or special defense] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215.
Finally, the plaintiffs' motion to strike the fourth special defense of comparative fault should be denied. Comparative fault must be raised as a special defense rather than as a general denial. Practice Book § 167 provides that "[i]f contributory negligence is relied upon as a defense, it shall be affirmatively pleaded by the defendant and he shall specify the negligent acts or omissions on which he relies." In this case, the defendant specifies the negligent acts he relies upon in his allegation that the plaintiffs' damages were caused by their hiring of another attorney who failed to properly file a complaint on their behalf. Thus, the defendant has properly raised comparative fault CT Page 10463 as a special defense and he has complied with the requirements of the Practice Book. Accordingly, the plaintiffs' motion to strike the defendant's fourth special defense should be denied.
For the reasons discussed above, the plaintiffs' motion to strike the first and third special defenses is granted and the motion to strike the fourth special defense is denied.
Howard F. Zoarski Judge Trial Referee