[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (#110)
In the above action, the plaintiffs allege that the named defendant, a building contractor, built a house for them with a defective septic system. Further, in the Fourth, Fifth, Sixth and Seventh counts, the plaintiffs allege they have suffered damage because of the negligence of the local building inspector and health officer in approving such septic system, and seek reimbursement from the defendant Town of Southington under Section 7-465, C.G.S.
The defendant officials and Town have filed a motion strike such counts for failure to state a claim upon which relief can be granted.
The gravamen of the motion to strike is that the defendant officials are granted immunity from liability by Section 52-557n(b). Specifically, it is claimed that there are not sufficient facts pled to support the finding necessary under the statute that the actions of the named defendants constitute a reckless disregard for health and safety under all the relevant circumstances. Section 52-557n(b)(8). The defendants further allege that the cause of action is barred by governmental immunity as well as that provided by statute.
Construing the allegations of the complaint in a manner most favorable to the plaintiff, the court finds the allegations sufficient to state a cause of action. Blancato v. Feldspar Corporation, 203 Conn. 34, 36
As to the claims of immunity provided by the aforesaid statute and the common law, such matters must be pleaded as special defenses. Scanlon v. West Hartford,6 Conn. L. Rptr. No. 2, 34.
The motion to strike the Fourth, Fifth, Sixth and Seventh counts is denied.
BURNS, JUDGE