[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE OF DEFENDANT BRISTOLHOSPITAL
This action is in three counts. The sixth count of the complaint claims that the negligence of the defendant required her to be subjected to undergo induction, labor and delivery of the decedent (stillborn child). The count claims that this caused unreasonable risk of injury to the plaintiff (mother), including emotional distress, although the count also claims, in paragraph 11 that she suffered emotional distress due to the threat of harm to her unborn child, and her presence, observation and awareness of the death and subsequent delivery of her unborn child. The count, as aforesaid, does claim direct injury to herself separate and apart from the claim of emotional distress concerning the CT Page 6419 death of the unborn child.
Although, as the defendant properly points out, the case ofMaloney v. Conroy, 208 Conn. 392 (1988) concludes that "we are not inclined to follow the lead of California courts in allowing a bystander to recover for emotional disturbance resulting from malpractice upon another person that a bystander may have observed" (p. 397), yet this count, as aforesaid, claims direct injury to the plaintiff mother separate and apart from any claim of emotional claims direct injury to the plaintiff mother separate and apart from any claim of emotional distress resulting from the death of the child. The motion to strike admits, for the purpose of the motion, all facts well pleaded, and is construed a manner most favorable to the pleader. Blancato v. Feldspar Corp.,203 Conn. 34, 36 (1987).
Procedurally, a motion to strike cannot be utilized to delete what may be an immaterial claim contained within a single count. That is the purview of a request to revise (Practice Book Section 147). The claims of the mother for her own personal injury preclude the striking of the count.
The motion to strike the sixth count of the complaint is denied. The court does not determine whether the claim for bystander emotional distress, as alleged in the sixth count, is actionable.
L. Paul Sullivan, J.