[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 3, 1997, the plaintiffs, Victor Anatra and Laurel Hollow Associates of Guilford, Inc., filed a four count amended complaint sounding in breach of contract and CUTPA, § 42-110g, against the defendants, Russell Waldo and Russell Waldo Professional Engineer and Land Surveyor Associates, P.C. The plaintiffs' action arises from an oral agreement to perform engineering and site developments for the property owned by the plaintiff Laurel Hollow Associates of Guilford, Inc. The plaintiffs allege that the defendant Russell Waldo agreed to charge the plaintiff for the defendant's services based upon the reasonable and customary costs of the time put into and the difficulties of the defendant's obligations and duties under said oral agreement. The plaintiffs allege that the payment of $106,924.07 to the defendant. Russell Waldo is in excess of their reasonably agreed upon terms and conditions of the fee to be paid to the defendant, Russell Waldo. The plaintiffs allege in counts two and four that the defendants Russell Waldo and Russell Waldo Professional Engineer and Land Surveyor Associates, P.C., respectively, have violated § 42-110g of the Connecticut Unfair Trade Practices Act by: a) overcharging the plaintiff despite the agreement only to charge reasonable and customary fees, b) causing a delay to the completion of the construction work to be performed at the plaintiff s property, resulting in an excessive amount of time and monies to complete, c) failing to provide proper billing, and d) failing to properly advise plaintiffs of the time frame and cost to complete the project.
On April 17, 1997, the defendants filed a motion to strike the second and fourth counts of the plaintiffs' amended complaint pursuant to Practice Book § 152(1) on the ground that the CT Page 9274 second and fourth counts, which allege CUTPA violations, sound in simple breach of contract arising from a single act and are legally insufficient. Pursuant to Practice Book § 155, the defendants filed a memorandum of law in support of their motion. On May 6, 1997, the plaintiffs filed an objection to the defendants' motion along with a memorandum of law in support of their objection.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded. " R K Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted. Faulkner v. UnitedTechnologies Corp., supra, 240 Conn. 580. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autori,236 Conn. 820, 825, 676 A.2d 357 (1996). The Connecticut Supreme Court "will not uphold the granting of [a] motion to strike on a ground not alleged in the motion nor relied upon by the trial court." Blancato v. Feldspar Corp., 203 Conn. 34, 44,522 A.2d 1235 (1987).
In support of their motion to strike, the defendants argue that the plaintiffs' claims fall beyond CUTPA's intended scope because plaintiffs allege entirely private wrongs with no connection to the general consuming public. Moreover, the defendants argue that the plaintiffs' CUTPA claims do not satisfy the cigarette rule and that plaintiffs' breach of contract claims are insufficient to support their CUTPA claims.
The plaintiffs argue that the allegations of the second and fourth counts, as pleaded, state a claim upon which relief may be granted. Plaintiffs argue that their claim lays out facts sufficient to meet the cigarette rule.
"A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is CT Page 9275 based." S.M.S. Textile Mills, Inc. v. Brown. Jacobson,Tillinghast, Lahan King, P.C., 32 Conn. App. 786, 797,631 A.2d 340, cert. denied, 228 Conn. 903. CUTPA, General Statutes § 42-110g, provides: "(a) Any person who suffers any ascertainable loss of money or property, real or personal as a result of the use or employment of a method, act or practice prohibited by Section § 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages. Proof of public interest or public injury shall not be required in any action brought under this section."
Section 42-110b of CUTPA provides in relevant part: "(a) No person shall engage in unfair methods of competition and unfair or deceptive acts of competition and unfair commerce. (b) It is the intent of the legislature that in construing subsection (a) of this section, the commissioner and the courts of this state shall be guided by interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. § 45 (a)(1)), as from time to time amended."
"In determining when a practice is unfair, [Connecticut courts] have adopted the criteria set out in the cigarette rule by the federal trade commission . . . "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise, — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." (Internal quotation marks omitted.) A-G Foods,Inc. v. Pepperidge Farms, Inc., 216 Conn. 200, 215, 579 A.2d 69
(1990).
"All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria, or because to a lesser extent it meets all three." Fink v. Golenbock,238 Conn. 183, 215, 680 A.2d 1243, (1996).
Although it is not necessary for the plaintiffs to plead all three prongs of the cigarette rule with particularity, the plaintiffs have failed to plead any of the prongs with CT Page 9276 particularity. In the second and fourth counts of the plaintiffs' complaint, the plaintiffs only incorporate their breach of contract claim and allege that the defendant: a) overcharged the plaintiff despite the agreement only to charge reasonable and customary fees, b) caused delay to the completion of the construction work to be performed, c) failed to provide the proper billing outlining the work performed and d) failed to advise plaintiff of the time frame and cost to complete the project. These alleged facts, a through d, merely go to the plaintiffs' claim of breach of contract. The plaintiffs have not specifically invoked any of the three prongs of the cigarette rule. Moreover, the second and fourth counts do not state whether a practice of the defendant is unfair or deceptive. An allegation of unfair act or practice, as opposed to an allegation of a deceptive act or practice or one in violation of the law, invokes application of the cigarette rule. Conway v. Prestia,191 Conn. 484, 492, 464 A.2d 847 (1983). Thus, it is unclear from plaintiffs' complaint whether they wish to invoke the cigarette rule or claim a deceptive act or one in violation of law.
"A simple breach of contract, even if intentional, does not amount to a violation of the Act; a claimant must show substantial aggravating circumstances attending the breach to recover under the Act." Emlee Equipment Leasing Corporation v.Waterbury Transmission, Inc., 41 Conn. Sup. 575, 580,595 A.2d 951 (1991).
Counts two and four of plaintiffs' complaint amount to a simple breach of contract. Counts two and four contain no language alleging substantial aggravating circumstances.
Pursuant to General Statutes § 42-110g the plaintiff need not allege a nexus with the public interest. Because the plaintiffs fail, however, to plead facts in support of their alleged cause of action under CUTPA, the defendant's motion to strike counts two and four of the plaintiffs' complaint is granted.
Howard F. Zoarski Judge Trial Referee