[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #109
On July 11, 1997, the plaintiff, Norell Gudaitis, filed a five count complaint against the defendants, Great Atlantic 
Pacific Tea Company, Inc. and Door Control, Inc. The plaintiff's claim arises from an injury she allegedly sustained while entering the defendant's, Great Atlantic Pacific Tea Company's, store. According to the complaint, the plaintiff began to enter the store, which had an automatic door opener, when the door suddenly slammed into the plaintiff causing her injury. Count one of the plaintiff's complaint sounds in negligence against Great Atlantic Pacific Tea Company while count two sounds in joint and several liability for the negligence of Great Atlantic 
Pacific Tea Company and Door Control, Inc. Counts three, four, and five allege various claims against Door Control, Inc.
On November 18, 1997, the defendant, Great Atlantic Pacific Tea Company, filed a motion to strike the second count of the plaintiff's complaint. The basis of the motion is that the second count alleges the same cause of action as the first count and, as a result, the second count is legally insufficient. Pursuant to Practice Book § 155, the defendant filed a memorandum of law CT Page 516 in support of the motion to strike. The plaintiff filed a memorandum of law in opposition to the motion to strike on December 18, 1997.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." R K Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., supra, 240 Conn. 580. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autori,236 Conn. 820, 825, 676 A.2d 357 (1996). The Connecticut Supreme Court "will not uphold the granting of [a] motion to strike on a ground not alleged in the motion nor relied upon by the trial court." Blancato v. Feldspar Corp., 203 Conn. 34, 44,522 A.2d 1235 (1987).
In support of the motion to strike, the defendant argues that count two merely incorporates the allegations contained in count one and states further allegations against Door Control, Inc. According to the defendant, count two states no additional allegations against it. As such, the defendant contends that count two is duplicative of count one and is legally insufficient.
In opposition to the motion to strike, the plaintiff argues that the second count alleges a cause of action for joint and several liability. Specifically, the plaintiff claims that the second count refers to a contract between the two defendants which thus provides a basis to hold the defendants joint and severally liable for negligence.
Initially, this court recognizes that there is no distinct cause of action for joint and several liability. Rather, joint and several liability is a theory by which each participant incurs a joint and several liability for the acts of each and all CT Page 517 of the joint participants when two or more persons unite in an intended act which constitutes a wrong to another person. Biro v.Hill, 214 Conn. 1, 6, 570 A.2d 182 (1990). To the extent that count two attempts to state a cause of action for joint and several liability, it is misdirected. The plaintiff's memorandum of law in opposition to the motion to strike indicates that count two sounds in negligence and seeks to hold the defendants joint and severally liable in negligence.
General Statutes § 52-572h(c) plainly states, "[i]n a negligence action to recover damages resulting from personal injury . . . after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section." Effectively, § 52-572h(c) does away with joint and several liability in negligence actions. To the extent that count two requests joint and several liability be applied in the negligence action against Great Atlantic Pacific Tea Company and Door Control, it is legally insufficient. For count two does not allege another tort to which joint and several liability could be applied. Accordingly, the motion to strike count two is granted.
HON. WALTER M. PICKETT, JR. State Judge Referee