[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On July 8, 1997, the plaintiff, Lynch and Greenfield, filed a complaint against the defendant, Martin Marola alias Marola Motor Sales, Inc. The basis of the complaint is that the plaintiff recovered a judgment against the defendant in Sixth Division District Court in Providence, Rhode Island. According to the plaintiff, the judgment remains wholly unsatisfied. The plaintiff seeks full faith and credit of the Rhode Island judgment.
The plaintiff and defendant apparently entered into a contract in which the plaintiff would provide the defendant with legal services in exchange for monetary payment. In the complaint, the plaintiff contends that the legal services were provided but the defendant failed to pay for such services. The plaintiff then brought suit in Rhode Island's Sixth Division District Court to recover monetary damages and judgment entered for the plaintiff.
Before the court is the defendant's motion to strike the plaintiff's complaint. The basis of the motion to strike is that the plaintiff's action is an attempt to enforce a foreign judgment obtained by default for-failure to appear and such judgments are not entitled to full faith and credit. Pursuant to Practice Book § 155, the defendant filed a memorandum of law in support of the motion to strike. The plaintiff filed an objection to the motion to strike in which the plaintiff claims that the complaint states a cause of action for breach of contract as well as full faith and credit of the Rhode Island judgment.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp. , 240 Conn. 576, 580, 693 A.2d 293
(1997). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." R K Constructors, Inc. v.Fusco Corp. , 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff (Internal quotation marks omitted.) Faulkner v. UnitedCT Page 2133Technologies Corp. , supra, 240 Conn. 580. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autori,236 Conn. 820, 825, 676 A.2d 357 (1996). The Connecticut Supreme Court "will not uphold the granting of [a] motion to strike on a ground not alleged in the motion nor relied upon by the trial court." Blancato v. Feldspar Corp. , 203 Conn. 34, 44,522 A.2d 1235 (1987).
In support of the motion to strike, the defendant argues that the plaintiff's claim seeks full faith and credit of a judgment that was obtained by default for failure to appear. According to the defendant, General Statutes § 52-604 denies full faith and credit to a foreign judgment that was obtained by default in appearance.
The plaintiff argues that this court should not grant the motion to strike because the complaint establishes a cause of action for breach of contract and adequately seeks full faith and credit of the Rhode Island judgment.
General Statutes § 52-607 states, "[t]he right of a judgment creditor to proceed by an action on the judgment or a motion for summary judgment in lieu of complaint instead of proceeding under sections 52-604 to 52-609, inclusive, remains unimpaired."
In this case, the plaintiff's complaint does not portend to be brought pursuant to General Statutes §§ 52-604 to 52-609. This conclusion is supported by the fact that if the plaintiff wished to proceed pursuant to §§ 52-604 to 52-609, the plaintiff only needed to file the requisite documents described in these sections of the Uniform Enforcement of Foreign Judgments Act. Moreover, the plaintiff in this case could not proceed in accordance with §§ 52-604 to 52-609 because the Rhode Island judgment in question was obtained by default in appearance.
Rather, it appears from the complaint that the plaintiff wishes to proceed by an independent action on the foreign judgment. General Statutes § 52-607 clearly states that such a remedy remains unimpaired for a foreign judgment creditor.Seaboard Surety Company v. Waterbury, 38 Conn. Sup. 468, 470,451 A.2d 291 (1982).
Accordingly, the defendant's motion to strike is denied. CT Page 2134
HON. WALTER M. PICKETT, JR. Judge Trial Referee