[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 9854
This matter arises out of a judgment in the amount of $854,059.15 rendered against the Westport Transit District in favor of the plaintiff, Westport Taxi Service, Inc. (Westport Taxi), for "illegally causing the destruction of plaintiff's business in violation of the Connecticut Antitrust Act" (the judgment). The complaint alleges that the judgment remains unsatisfied because of the actions of the following defendants: the town of Westport (Westport), Morton Brod, Joseph Sledge, James W. Hood, Norwalk Transit District, Louis Schulman and the city of Norwalk.
"[A] motion to strike challenges the legal sufficiency of a pleading. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.) Lombardv. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000).
Westport moves to strike count three on the ground that the plaintiff does not have standing to bring a private right of action pursuant to General Statutes § 7-273b (f). Section 7-273b (f) provides in relevant part: "Any municipality included in the district may withdraw. . . . [T]he board of directors of the district . . . shall determine the share of the district's expenses and obligations remaining due from the municipality. The municipality shall pay or secure such amount to the district before such withdrawal shall become effective." In count three, Westport Taxi, however, does not allege a cause of action pursuant to § 7-273b (f), but rather alleges that Westport is liable "pursuant to the statutes and laws of the State of Connecticut, including General Statutes § 7-273b (f), for the debt of the Westport Transit District to plaintiff under said Judgment." Moreover, the court will not address whether Westport Taxi may enforce the judgment against Westport because Westport did not argue the legal insufficiency of an action to enforce the judgment against it on the face of its motion. See Blancato v.Fledspar Corp., 203 Conn. 34, 44, 522 A.2d 1235 (1987) ("The trial court, in passing upon the defendant's motion, properly considered only the ground they did specify."). Accordingly, the court denies the motion to strike count three.
The defendants, Westport, Brod, Sledge, Hood and Schulman move to strike count four on the ground that Brod, Sledge and Shulman did not act outside their respective duties and that the intra-corporate conspiracy doctrine bars the action. "Employees of a corporation acting in the scope of their employment cannot conspire with one another or with the CT Page 9855 corporation that employs them; each acts for the corporation and the corporation cannot conspire with itself." Day v. General Electric CreditCorp., 15 Conn. App. 677, 684, 546 A.2d 315, cert. denied, 209 Conn. 819,551 A.2d 755 (1988). Here, the intra-corporate conspiracy doctrine would not bar the action because Westport Taxi alleges a conspiracy between two different entities, the Westport Transit District and Norwalk Transit District.[1] Moreover, General Statutes § 7-273h[2] would not bar count four because Westport Taxi sufficiently alleged malfeasance. Malfeasance is "the doing of an act which is wholly wrongful and unlawful." Black's Law Dictionary (6th Ed. 1990). Here, Westport Taxi sufficiently pled malfeasance by alleging that the defendants, Westport, Brod, Sledge, Norwalk Transit District and Schulman acted wrongfully by purposefully transferring funds from the Westport Transit District to avoid paying the judgment. In addition, purposefully transferring funds to avoid paying the judgment impliedly could be outside of their respective employment duties. Accordingly, the court denies the motions to strike count four.
The defendants, Brod, Sledge and Hood move to strike count five on the ground that they owed no legal duty to Westport Taxi thereby barring a negligence claim against them. "Rather than attempt to define a fiduciary relationship in precise detail and in such a manner to exclude new situations, we have instead chosen to leave the bars down for situations in which there is a justifiable trust confided on one side and a resulting superiority and influence on the other." (Internal quotation marks omitted.) Dunham v. Dunham, 204 Conn. 303, 320, 528 A.2d 1123
(1987). Here, there is no allegation that Brod, Sledge or Hood had a confidential relationship with Westport Taxi that would have allowed them to influence Westport Taxi. Moreover, the present facts differ from those when courts found a confidential relationship may exist between corporate officers and corporate creditors for goods and services because Westport Taxi is a judgment creditor. Cf. Temporary Health Care v. Oak RidgeConvalescent Center, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 526800 (September 26, 1994, Sheldon,J.). Accordingly, the court grants the motion to strike count five.
In summary, the court denies the motions to strike counts three and four and grants the motion to strike count five.
So Ordered.
D'ANDREA, J.