[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this case is American State Insurance Company (American). The insurance company has initiated a declaratory judgment action in an attempt to demonstrate that it has no obligation to indemnify, and therefore no further obligation to defend in an action brought as the result of contamination of a parcel of commercial property. The defendant Eli Schwartz moved to strike the complaint in its entirety.
A brief history of the controversy is necessary for an understanding of the issues. Covenant Mutual Insurance Company issued a special Business Policy, No. BP 301 68 09, effective from August 14, 1984 to August 14, 1985 to Eli Schwartz. Said policy covered the property located at 1215 Foxon Road, North Branford, Connecticut, known as Totoket Plaza. Eli Schwartz had owned the property since approximately 1962.
On March 14, 1986, Eli Schwartz sold the property to Russell Hartt and Katherine Hartt. In June of 1990, the Hartts discovered that the soil and groundwater on the property were contaminated with elevated concentrations of tetrachloroethylene, otherwise known as "perc." A drycleaner which operated on the property had been identified in environmental reports as the source of this contamination. This business operated between 1968 and 1978 and was known as One Hour Martinizing.
In April 1992, Russell Hartt and Katherine Hartt initiated suit against Eli Schwartz (Russell Hartt v. Eli Schwartz, CV 92-0331912S, Judicial District of New Haven at New Haven). In their Fourth Amended Complaint, the Hartts allege violation of the Transfer Act (First Count), fraudulent nondisclosure (Second Count), negligence for failure CT Page 2429 to disclose such contamination (Third Count), reimbursement for contamination or removal costs pursuant to Connecticut General Statutes § 22a-45 (Fourth Count), and negligence per se for violation of Connecticut General Statutes § 22a-427 (Sixth Count).
Additionally, in November 1993, Russell Hartt and Katherine Hartt initiated an action in the United States District Court, District of Connecticut, against Eli Schwartz and McGraw-Edison Company under the Comprehensive Environmental Response Compensation and Liability Act (CERCLA) and the Resource Conservation and Recovery Act (RCRA). Said action was subsequently dismissed without prejudice by agreement of all the parties.
American succeeded to the assets rights and responsibilities of Covenant Mutual Insurance Company. By letter dated June 11, 1993 from counsel for Eli Schwartz, American first received notice of the discovery of the contamination and the claims of Russell and Katherine Hartt. In response to the letter's request for defense and indemnity, American assumed the defense of Eli Schwartz, subject to a reservation of rights.
Whenever a party wishes to contest the legal sufficiency of a complaint, the party may do so by filing a motion to strike the contested pleading or part thereof. Connecticut Practice Book § 152. In ruling on a motion to strike, the Court is limited to the facts alleged in the pleadings. Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). In ruling on a motion to strike, the Court is also limited to the grounds raised in the motion. Blancato v. Feldspar Corp. ,203 Conn. 34, 44, 522 A.2d 1235 (1987).
In considering a motion to strike, the Court construes the allegations in a manner most favorable to the pleader. Blancato,203 Conn. 34 at 36. All well-pleaded facts are admitted as true, but neither legal conclusions nor the truth or accuracy of opinions are admitted. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
The various claims that American has alleged and upon which they claim a basis for a finding of no coverage include late notice of claim (Count One), no "accident" during the period of coverage (Count Two), no "occurrence" during period of coverage (Count Three), policy exclusion (Count Four), knowledge of contamination by Schwartz at conception of policy (Count Five), CT Page 2430 no "property damage" occurring within covered period (Count Six), and alienation of the property (Count Eight).
The initial question that must be answered is whether an action for declaratory judgment is appropriate. C.G.S. § 38a-321
provides for a postjudgment determination of the liability of an insurer under a liability policy. This statute offers no relief to the plaintiff in this action who is seeking to avoid the continued costs of defending against a claim which they contend is not covered by the policy.
Turning to the six points of consideration that affect the propriety of a declaratory judgment, this court finds that given the facts of the plaintiff's claim, it is (1) difficult to characterize the litigation of the narrow issues in this case as a `dress rehearsal'. (2) finding of no coverage in this action would not collaterally estop the parties to the main action as to certain factual issues in that case. (3) Control of the litigation would not be taken from any injured party. Schwartz is represented in the original action by three other insurance companies and the Hartts have no interest in American's suit. (4) Judicial economy, although a relevant concern, does not prevail over the right of the plaintiff to have its claim fairly adjudicated prior to incurring the additional costs of the defense of this action. (5) The continuation of this action would not constitute an unwarranted interference with any other court's proceedings. (6) It is not inherently unfair for an insured to be deprived of a defense and coverage to which it is not entitled.
Moreover, the present defendants' opposition to the Motion to Strike ignores the fact that the thrust of the evidence at the trial of the main action would appear to prove exactly what American contends in this motion, that the contamination occurred well before the time covered by the policy.
"The purpose of a declaratory judgment is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties." Connecticut Assoc. of Health Care Facilities, Inc.,199 Conn. 609, 613, 508 A.2d 743 (1986). That is exactly the present situation.
The Motion to Strike is denied.
Thomas V. O'Keefe Jr., Judge CT Page 2431