[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On March 13, 1997, the plaintiffs, Bruno and Lina LaCasse filed a three count complaint against the defendants, Coldwell Bankers Schlott Realtors, Beth Nelson, Brian Good, American Home and Building Inspection Company, and Peter Piller. The first count, against Coldwell Banker Schlott Realtors and Beth Nelson, sounds in failure to disclose a known defect, pursuant to §20-328-5a of the Regulations of the Connecticut State Agencies. According to the complaint, Coldwell Baker, acting through its agent, Beth Nelson, failed to disclose the fact that property the plaintiffs contracted to purchase had a continuing septic system problem.
On September 18, 1997, the defendants, Coldwell Banker Schlott Realtors and Beth Nelson, filed an answer and special defenses to the plaintiffs' complaint. The first special defense by these defendants alleges that the offer to purchase was conditioned upon a building inspection including an inspection of the septic system. Their second special defense alleges that the offer to purchase provided that the buyers had examined the premises and were fully satisfied with the physical condition and that neither the seller nor any representative of the seller had made any representations upon which the buyer relied. The third special defense alleges that the contract between the sellers and buyers provided that the buyers had examined the premises and were fully satisfied with the physical condition thereof. Finally, the fourth special defense alleges that the plaintiffs were negligent in failing to obtain a proper building inspection or inspection of the septic system.
On January 27, 1998, the plaintiffs filed a motion to strike these special defenses. The basis of the motion is that the special defenses are legally insufficient because they have no relationship to the plaintiffs' cause of action. Specifically, the plaintiffs note that the special defenses raised by the defendants go to stipulations in the offer to purchase which merged upon the plaintiffs' acceptance of the deed. Pursuant to Practice Book § 155, the plaintiffs filed a memorandum of law in support of their motion to strike.
On January 29, 1998, Coldwell Banker Schlott Realtors and Beth Nelson filed a memorandum of law in opposition to the motion CT Page 1577 to strike. According to these defendants, the court should not grant the motion to strike because the special defenses are proper. Specifically, the defendants allege that the special defenses are proper on the issues of the plaintiffs' legal duty, reliance, waiver and/or estoppel, and contributory negligence which is a proper defense to claimed negligent misrepresentation. Additionally, these defendants claim that the Connecticut Supreme Court's recent decision in, Gibson v. Capana,241 Conn. 725 (1997) affirmed the fact that language in a contract controls. According to the plaintiff, the special defenses reveal clauses in the contract which allocated the risk of loss resulting from reliance on representations. Finally, the defendants argue that the offer to purchase contained language that provides a defense to a claim sounding in fraudulent nondisclosure.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." R K Constructors Inc. v.Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems. Inc. v. BOC Group. Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff's (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., supra, 240 Conn. 580. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v.Autori, 236 Conn. 820, 825, 676 A.2d 357 (1996). The Connecticut Supreme Court "will not uphold the granting of [a] motion to strike on a ground not alleged in the motion nor relied upon by the trial court." Blancato v Feldspar Corp., 203 Conn. 34, 44,522 A.2d 1235 (1987). A motion to strike may be used to test the legal sufficiency of — a special defense. Connecticut NationalBank v. Voog, 233 Conn. 352, 354-55, 659 A.2d 172 (1995).
As an initial matter, this court notes that part of the defendants' misplaced argument may be attributable to a lack of clarity in the first count of the plaintiffs' complaint. The first count does not explicitly state the basis of the cause of action. The defendants' remedy, however, would have been a CT Page 1578 request to revise.
It is clear from the plaintiffs' complaint, however, that the basis for the first count is not fraudulent misrepresentation, but rather the failure to disclose pertinent facts during the course of the transaction. Under Connecticut law, the two causes of action are distinct. Naturally, fraudulent misrepresentation requires that an actual representation was made. The essential elements of a cause of action in fraud for misrepresentation of a material fact are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury. Miller v.Appleby, 183 Conn. 51, 54-55, 438 A.2d 811 (1981). Conversely, to constitute fraud by nondisclosure or suppression, there must be a failure to disclose known facts and . . . a request or an occasion or a circumstance which imposes a duty to speak. Duskav. Middletown, 173 Conn. 124, 127, 376 A.2d 1099 (1977).
Accordingly, the defendants' special defenses which go to the "buyers not relying on representations of the seller" are legally insufficient because they do not pertain to the cause of action stated. The plaintiffs do not contend that they relied on a false misrepresentation, rather they claim, in essence, that they relied on the lack of disclosure. Thus, the motion to strike the second and third special defenses is granted.
The motion to strike the first special defense is granted because the defendants fail to state why the contracts condition of a building inspection results in the plaintiffs not having a cause of action.
Finally, the motion to strike the fourth special defense is granted because, at best, it raises the defense of contributory negligence. Contributory negligence is not a defense to a cause of action that sounds in fraud by nondisclosure.
For the reasons discussed, the plaintiffs' motion to strike is granted as to all four of the defendants' special defenses.
Hon. Walter M. Pickett, Jr.State Judge Referee
CT Page 1579