MEMORANDUM OF DECISION ON RESPONDENT FATHER'S MOTION TO STRIKE
Pursuant to Practice Book Rule 10-39, the respondent father, Derrick A., has moved to strike portions of the Department for Children and Families Summary of Facts to Substantiate Petitions of Alleged Neglect and Social Worker's Affidavit filed pursuant to General Statutes §46b-129. The respondent father alleges that the allegations embodied in the petition and accompanying Summary of Facts and Social Worker's Affidavit are legally insufficient to sustain an adjudication of neglect.
Further the respondent father in his motion to strike argues that the court lacks jurisdiction over the matters in this case, that the father was the non-custodial parent of the minor child, and that the facts are insufficient to support the allegation that the respondent father did not seek timely or immediate medical care for the child.
A motion to strike may be used to contest the legal sufficient of the allegations of any complaint to state a claim upon which relief may be granted. The moving party admits all facts well pleaded. Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 386 (1985); RK Constructors, Incav. Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). In deciding the motion, the court must take the facts alleged to be true and construe the allegations in the maimer most favorable to the non-moving party. If facts provable in the complaint would support a cause of action, the motion to strike must be denied. Faulkner v. United Technologies Corp.240 Conn. 576, 580, 693 A.2d 293 (1997); Blancato v. FeldsparCorporation, 203 Conn. 34, 36, 522 A.2d 1235 (1993).
The petition filed in this case complies with Practice Book Rule 32-1
(a) in that it sets forth with reasonable particularity the specific CT Page 12546 conditions which have resulted in the situation which is the subject of the petition. It is accompanied by a summary of facts in support of the statutory grounds alleged in the petition, which is incorporated by reference into the petition.
The petitioner has alleged that the child is neglected in that she is being denied proper care and attention, physically, educationally or morally and that child has been abused and has a condition which is the result of maltreatment such as, but not limited to, malnutrition . . . deprivation of necessities, emotional maltreatment or cruel punishment. Both of these counts are defined in General Stat. 46b-120 and in order for an adjudication of neglect to be entered, the petitioner must prove one of the counts by a fair preponderance of the evidence.
The petition alleges that Haniyyah has suffered from severe malnutrition and, according to medical personnel, if she had gone without medical care for two more days prior to being brought to the hospital, would not have survived. Haniyyah is seventeen months old, but the facts contained in the summary of facts indicate that she is suffering from severe failure to thrive and weighed only thirteen pounds at the time of her admittance to the hospital. She was suffering from severe eczema and rickets as a result of the severe malnutrition and had multiple fractures in her arms, legs and ribs.
The child was living with her mother in New Jersey prior to coming to Connecticut. The facts allege that when father picked up Haniyyah from her mother's care, he did not seek immediate medical attention. The facts further allege that the father did not consistently participate in training to learn how to care for Haniyyah's medical needs nor did he consistently visit the child which she was hospitalized.
Construing the allegations in the light most favorable to the petitioner, the court finds that the facts alleged by DCF in support of the neglect allegations, if proved, would constitute sufficient evidence and support an adjudication of neglect. There is no prohibition to hearsay statements in a neglect petition. The proper challenge to the factual sufficiency of a petition is by way of a request to revise. Practice Book § 10-35. Further, a petition alleging neglect concerns the status of the child regardless of which parent was or was not maintaining custody of the child. In re David L., 54 Conn. App. 185,733 A.2d 897 (1999).
Moreover, the proper challenge to whether the court has jurisdiction, either subject matter jurisdiction or personal jurisdiction, is by way of a motion to dismiss, not by way of a motion to strike. Practice Book § 10-31. CT Page 12547
The issues that the respondent father raises are issues which should be left for trial. The proper challenge to the factual sufficiency of the allegations to support a neglect adjudication is not through a motion to strike.
The motion to strike is denied. The court orders the parties to participate in a second case status conference on October 25, 2000, at 2 p.m. If there is no agreement as to adjudication and disposition on that date, the case should be immediately set down for trial.
Swienton, J.