[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION — MOTION TO STRIKE #121.00
 I
The plaintiff, Virginia Lovallo, slipped and fell on snow and/or ice in the parking lot of a Wal-Mart department store on November 20, 1997. Defendant Devcon-Torrington, L.L.C. (Devcon) owned the parking lot. On November 11, 1999, the plaintiff commenced the present action against Devcon, alleging that her injuries were caused by the carelessness and negligence of Devcon, by and through its agents, manifested by the unsafe condition of the parking lot. Devcon subsequently filed a two-count apportionment complaint pursuant to General Statutes §§ 52-572 and52-102b against Wal-Mart Stores, Inc. (Wal-Mart), the lessor of the premises, and Lucas Paving Co., Inc. (Lucas), the snow removal contractor respectively.
Defendant Wal-Mart moved to strike the first count of the apportionment complaint on the grounds that Devcon's duty to keep its premises in a reasonably safe condition is a nondelegable duty. That motion was denied by the court (DiPentima, J.) on December 20, 2000.
Lucas subsequently moved to strike the second count of the apportionment complaint on the grounds that: (1) it fails to state a cause of action because it does not state the nature of Lucas' contract or the parties thereto; and (2) it fails to allege that Lucas was in possession or control of the lot.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff] [has] stated a legally sufficient cause of action." Napoletano v. CIGNA Healthcare ofConnecticut, Inc., 238 Conn. 216, 232-33, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S.Ct. 1106, 137 L.Ed.2d 308 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996). In ruling on a motion to CT Page 6902 strike, the court may only consider the grounds set forth in the motion.Blancato v. Feldspar, 203 Conn. 34, 44, 522 A.2d 1235 (1987).
The operative statute in this case, requiring apportionment of liability for negligence corresponding to each defendant's proportionate share of damages, states: "[i]n a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for such party's proportionate share of the recoverable economic damages and the recoverable noneconomic damages. . . ." General Statutes § 52-572h (c).
There is a split of authority among the Superior Court judges as to whether apportionment is available to a possessor of property against an independent contractor. Those in favor of allowing apportionment reason that if an independent contractor maybe directly liable to a plaintiff, then apportionment should be allowed. See, e.g., Gulisano v. NationalAmusements, Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 065495 (July 29, 1999, Thompson, J.) (25 Conn.L.Rptr. 203) (holding that landowner's apportionment complaint against snow plow contractor should not be stricken because of contractor's independent duty to plaintiff); Dowd v. Jack, Superior Court, judicial district of Danbury, Docket No. 323612 (Jan. 16, 1998, Leheny, J.) (apportionment complaint may lie against independent contractor who may be liable to plaintiff for negligence).
Those cases holding that liability may not be apportioned between a property owner and an independent contractor reason that liability is indivisible because the duty of the property owner to maintain the safety of premises for invitees is non-delegable. See, e.g., Riggione v. KmartCorp., Superior Court, judicial district of New Haven at New Haven, Docket No. 425255 (Jan. 11, 2000, Alander, J.) ("under the principles of vicarious liability, the negligent acts of the apportionment defendant are imputed to the defendant"); Wood v. Chalet Susse International, Superior Court, judicial district of New Haven at Meriden, Docket No. 245558 (May 18, 1995, Silbert, J.) (14 Conn.L.Rptr. 187) ("apportionment should not occur when the named defendant is responsible for the acts of an independent contractor to whom it has delegated a nondelegable duty").
Lucas first claims that apportionment is not appropriate between a principal and an agent because they share the same liability. The issue of whether Lucas owed the plaintiff duty of reasonable care is properly CT Page 6903 addressed by a motion to strike. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 171, 544 A.2d 1185 (1988).
The test in determining whether an independent contractor owes a duty of care to a plaintiff is: "(I) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences of particular plaintiff in the case. . . . The first part of the test invokes the question of foreseeability, and the second part invokes the question of policy." Gazo v. City of Stamford, 255 Conn. 245, 251, 765 A.2d 505
(2001) (concluding that an independent contractor hired for the purpose of snow and ice removal owed a duty of reasonable care to the injured party). Here, Lucas knew or should have known that the harm of the type suffered by the plaintiff, a slip and fall, was likely to occur. Furthermore, it has already been determined that there are valid public policy reasons for holding an independent contractor in Lucas' position liable for its conduct. See Id. Accordingly, Lucas owed a duty of reasonable care to the plaintiff and an independent action could be brought against Lucas.
Lucas further claims that the apportionment complaint fails to allege that Lucas was in possession or control of the lot, probing the issue of whether Devcon's non-delegable duty prevents apportionment of liability.
Under the non-delegable duty doctrine, a possessor of property may not absolve itself of liability by contracting out non-delegable duties. Id., 255-56. "[T]he nondelegable duty doctrine[, however,] does not address whether the person to whom the performance of the duty has been delegated . . . may not also be liable. That is a question that must be addressed . . . by analyzing it under our established jurisprudence regarding tort duties." Id., 257. Thus, the Supreme Court determined that the nondelegable duty doctrine does not prevent a plaintiff from suing an independent contractor for negligence, reasoning that persons to whom the performance of a duty has been delegated may also be liable applying the aforementioned two-part test. Id., 255-57. The Supreme court stated that:
 Under the general rule, an employer is not liable for the negligence of its general contractors . . . One exception to this general rule, however, is that the owner or occupier of premises owes invites a non-delegeable duty to "exercise ordinary care for the safety of such persons." Id., 258.
CT Page 6904
The Supreme Court stated that apportionment is not applicable where one defendant is vicariously liable for the conduct of another defendant because apportionment "proceeds on the premise that the defendants . . . are at least potentially liable in differing proportions." Id., 258. The nondelegable duty doctrine is a form of vicarious liability. Id., 257. Therefore, while the Supreme Court allows a plaintiff to pursue a direct action against an independent contractor to whom the performance of a duty has been delegated, it rejects apportionment in the vicarious liability context. See also, Hamilton v. Circle Associates, superior court, judicial district of Tolland, at Rockville, Docket No. 65103 (November 30, 1998, Sullivan, J.) where the court concluded: "The act and hence the responsibility being one and the same, it is identical, indivisible, and hence incapable of being apportioned."
Accordingly, while a plaintiff may pursue a direct action against an independent contractor for negligence notwithstanding the nondelegable duty doctrine, a property possessor may not seek to apportion liability where there is a nondelegable duty to keep business premises in reasonably safe condition for invitees.
 III
Based on the Supreme Court's holding in Gazo v. Stamford, Lucas owed an independent duty of care to the plaintiff. However, the nondelegable duty doctrine disallows apportionment between a possessor of property and an independent contractor. Accordingly, Lucas' motion to strike the second count of the apportionment complaint is granted.
Agati, J.